**Libbie RUELAS, Plaintiff-Respondent,**

v.

**Salvatore RUELAS, Defendant-Appellant.**

**No. 33555.**

St. Louis Court of Appeals,
Missouri.

May 26, 1970.

Chopin & Boisaubin, St. Louis, for defendant-appellant.

Bart Mantia and Springfield Baldwin, Bartlett, Stix & Baldwin, St. Louis, for plaintiff-respondent.

DOWD, Judge.

This is an appeal by the divorced husband from an order of the Circuit Court of the City of Saint Louis denying his motion to modify the alimony provision of a prior divorce decree. A decree of divorce was granted plaintiff on July 20, 1962, requiring defendant to pay $15.00 per week alimony. The husband in his motion filed January 28, 1969 asks for an order decreasing the weekly alimony allowance to a sum not exceeding $5.00 per week. Defendant alleges in his motion that since the divorce decree his financial condition has changed and that he has assumed other responsibilities and that he was therefore unable to pay the $15.00 a week alimony. Plaintiff then filed a motion to increase the alimony award. After a hearing, the court denied both motions. Only the defendant appealed.

Defendant testified at the hearing that at the time of the divorce, plaintiff was employed at a hat company earning $1.00 per hour for twenty hours a week whereas on the date of defendant's motion, she was regularly employed by Union Electric at $1.47 per hour. He testified that at the time of divorce he was employed at a cemetery earning $2.85 per hour, whereas on the date he filed his motion he was employed by Terminal Railroad at $3.01 per hour.

Defendant remarried after the divorce and two children, ages 1 and 4, resulted from the second marriage. There were no children born of the marriage between plaintiff and defendant.

Defendant testified that his monthly expenses are $398.31 which includes the alimony payments and that his average monthly take-home pay is $361.00. Defendant lives with his mother-in-law and the rent is $35.00 per month which he pays when he can afford it. The rent payment is not included in his monthly expenses. The mother-in-law also pays the utilities. He sends his mother who lives in Mexico $25.00 per month because she has no one else to support her.

Plaintiff testified that her rent was $30.00 per month at the time of divorce but she had to move because the neighborhood was unsafe and her rent at the time of the motion was $55.00 per month. She has to spend $5.00 for transportation to work. She is now employed at Union Electric full time and receives $1.47 per hour. There were two alimony checks dated August 25, 1967 and September 11, 1967 on which plaintiff had written "for track" on one and "Fairmount Race" on the other. She testified that the checks were not used at the race track and that while she had gone to the track, she doesn't go to the track anymore. She is buying herself a ring. The record does not disclose the price or kind. She testified without objection that: "I can't get along on what I'm getting."

A judgment for alimony, like any other judgment in an action at law, is res judicata as to all facts and conditions bearing upon the award and existing at the date of its rendition. Shilkett v. Shilkett, Mo.App., 285 S.W.2d 67[1]. Authority for a modification of a judgment for alimony is dependent on a change in the circumstances of the parties between the time the judgment was entered and the time the motion for modification was filed. Shapiro v. Shapiro, Mo.App., 238 S.W.2d 886[1]. Here the defendant has the bur-

den of showing such a change in conditions as will justify the modification of the original decree of divorce. Seigfreid v. Seigfreid, Mo.App., 187 S.W.2d 768[1]. We should not interfere with the findings and conclusions of the trial judge unless there has been a manifest abuse of judicial discretion. Shapiro v. Shapiro, supra; Jourdan v. Jourdan, Mo.App., 251 S.W.2d 380[2].

■ Our review is governed by Civil Rule 73.01(d), V.A.M.R., which provides that we shall review the case upon both the law and the evidence as in suits of an equitable nature. While we make our own findings of fact, the judgment shall not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. Moore v. Moore, Mo.App., 429 S.W.2d 794[4].

■ After an examination of the record, we hold that the evidence here does not show a change in circumstances from the time of the original decree to the date of the hearing of the motion sufficient under the law to modify the decree by decreasing the alimony award. While the evidence shows that plaintiff's income has increased from $1.00 per hour for twenty hours to $1.47 per hour for regular employment, the evidence also shows that defendant's income has also increased since the divorce. At the time of the divorce decree, defendant's salary was $2.85 per hour as an employee of a cemetery. On the date he filed his motion his salary was $3.01 an hour as an employee of the Terminal Railroad. The record also shows that plaintiff's rent has increased from $30.00 to $55.00 per month. While plaintiff did not itemize her expenses she did testify, "I can't get along on what I'm getting." Defendant did testify that his expenses were $398.31 per month including the "$66.00" a month alimony payment and his take-home pay averaged $361.00 per month. The record is silent as to his living expenses at the time of the divorce. We are therefore in the dark as to whether his expenses were more or less than at the time of the motion.

Appellant relies heavily on Jourdan v. Jourdan, supra, which reversed the trial court's modification of a divorce decree which had relieved the husband of the payment of any alimony. In Jourdan, there was one child by the first marriage and the husband was ordered to pay $10.00 per week for the child and $15.00 per week alimony. Two children resulted from the husband's second marriage and the husband asked that the alimony payment be decreased because of financial hardship resulting from the marriage and birth of two children. The court in Jourdan pointed out that the law does not recognize a divorced husband's second marriage alone as a ground for cutting down an allowance for alimony to the divorced wife where the divorce was granted because of the husband's fault and through no fault of the first wife (Shapiro v. Shapiro, supra) but that support of children of a second marriage is a legitimate expense and should be considered by the court. The court in Jourdan based upon the evidence as to expenses and income stated that the husband was not entitled to be relieved of the alimony payments.

Each case must be analyzed on its own facts. While the evidence here shows the expenses of the defendant exceeding his income it also shows the plaintiff to be in bad financial condition with her testimony that "I can't get along on what I'm getting." This is just a case where there is insufficient money to satisfy the economy of both plaintiff and defendant.

After analyzing the evidence as to the expenses and income of both plaintiff and defendant the trial court stated: "There is no way for me to bring these parties out even." We agree. We cannot say that the trial court was clearly erroneous in its de-

# 31

nial of defendant's motion to decrease the alimony award. Accordingly, the judgment is affirmed.

WOLFE, P. J., and BRADY, J., concur.