NANCY L. KRAUT NOCE *v.* GENNARO NOCE

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued April 10—decision released June 3, 1980

*Michael L. Riccio,* with whom was *John M. Varrone,* for the appellant (defendant).

*Harvey F. Wachsman,* for the appellee (plaintiff).

Per Curiam. This appeal is taken from a judgment of the Superior Court denying the defendant's motion for modification of alimony. The parties, after having been married for nineteen years, were divorced on May 11, 1976. Pursuant to the divorce decree, the defendant was ordered to pay to the plaintiff $800 per month for alimony and support of one minor child (Jamie) until the child reached the age of majority, at which time "alimony [would] be reduced to $400.00 per month."[1] The decree also ordered the defendant to transfer his interest in the family home in Monroe to the plaintiff and to hold her harmless from any personal liability on a blanket mortgage he had placed on it with reference to a business loan.[2] On May 11, 1978, the court, on the defendant's motion, reduced the order of alimony and support to $600 per month. On April 23, 1979, the defendant filed the motion to reopen and modify the judgment that is the subject of this appeal. In it he alleged, inter alia, that the plaintiff is now employed full time, that she has achieved the capacity, based on her assets and earning capacity, to maintain herself without his alimony payments, and that the increase in her earnings constitutes a substantial change in circumstances. On the basis of those allegations, the defendant sought the termination of any further alimony payments. The defendant also alleged that on May 3, 1979, the minor child, Jamie, would become eighteen years of age and that support payments for Jamie should, therefore, be terminated. The matter was referred to *Hon. Irving Levine,* state referee, who held a hearing on the motion and, thereafter, terminated

---

[1] The $800 order for alimony and support was unallocated.

[2] This blanket mortgage, which was in the amount of $450,000, still encumbers the property.

the child support order but denied any modification of the alimony order.[3] This appeal followed.

The court prepared no written memorandum of decision and, instead, announced its decision orally from the bench at the close of the hearing on the defendant's motion. Because the portion of the transcript containing the basis of the court's decision does not appear in the record, we have consulted the transcript of the hearing.[4] The trial court, in terminating the order of child support, noted that it was required to do so by operation of General Statutes § 46b-84. With reference to that portion of the defendant's motion seeking a termination of alimony, the court found in effect that, although the plaintiff's salary had increased substantially since the entry of the original decree, that increase was contemplated at the time of the dissolution. Thus, it concluded that there was "no substantial change in her situation that was not contemplated at the time of this dissolution." On appeal, the defendant argues that the trial court's conclusion was contrary to the law and the evidence presented, and in abuse of discretion. We do not agree.

It is well settled in this state that a "modification [of alimony] is not warranted unless there has been a substantial change in the circumstances of either party, occurring subsequent to the entry of the original decree, and not contemplated by the parties at that time." *Sanchione* v. *Sanchione*, 173 Conn. 397, 407, 378 A.2d 522 (1977); see General

[3] The court's refusal to terminate the order of alimony resulted in the defendant's obligation to pay to the plaintiff alimony of $75 per week.

[4] Practice Book, 1978, § 3089 provides: "The oral or written decision shall become a part of the printed record on appeal."

Statutes § 46b-86(a); *Bunche* v. *Bunche,* 180 Conn. 285, 290, 429 A.2d 874 (1980); *Grinold* v. *Grinold,* 172 Conn. 192, 195, 374 A.2d 172 (1976); 2A Nelson, Divorce and Annulment (2d Ed.) § 17.07. In construing the original decree, the trial court considered the circumstances surrounding its rendition, as it was entitled to do. See *Viglione* v. *Viglione,* 171 Conn. 213, 217, 368 A.2d 202 (1976); *Christiano* v. *Christiano,* 131 Conn. 589, 592, 41 A.2d 779 (1945). At the time of the original dissolution, the plaintiff was employed part time at a pharmacy where she earned twenty-five dollars per week. The trial court, in making the original unallocated award of alimony and support of $800 monthly in 1976, also provided that that amount would be reduced by one half in approximately three years, when Jamie would attain the age of eighteen. The court stated in this regard: "What I am saying is that I am anticipating [that] within three years she [the plaintiff] will be able to find full time employment . . . . I have reduced the overall allowance to a point where she would have to go to work at the end of three years." After the order of alimony and support was reduced to $600 a month in 1978, the plaintiff was able to obtain full-time employment in March, 1979, as a medical-legal secretary at a salary of $250 a week.

The defendant concedes that it was contemplated by the parties that the plaintiff would have a full time job at the time Jamie would reach eighteen years of age. He argues, however, that the salary the plaintiff is now earning has increased so substantially as to be outside of the contemplation of the parties at the time the original decree entered.

An original divorce decree fixing an order of alimony is an adjudication of what is right and proper

at the time that it is made; to warrant a modification of that order, a change of circumstances of the parties must be shown which, in effect, demonstrates that continuance of the original order would be unfair and improper. See 2A Nelson, Divorce and Annulment (2d Ed.) § 17.07. The statute conferring upon the Superior Court continuing jurisdiction over orders of alimony and support provides that such orders *"may* at any time [after entry of the original decree] be continued, set aside, altered or modified . . . upon a showing of a substantial change in the circumstances of either party." (Emphasis added.) General Statutes § 46b-86 (a). This statute confers upon the court broad discretion in deciding motions for modification. The action of the trial court will not be disturbed unless it is apparent that it abused its legal discretion, and, in determining whether it did so, the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption will be made in favor of its correctness. *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 263, 413 A.2d 854 (1979); *Ayers* v. *Ayers,* 172 Conn. 316, 322, 374 A.2d 233 (1977); *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 584, 362 A.2d 835 (1975); *Baker* v. *Baker,* 166 Conn. 476, 488, 352 A.2d 277 (1974).

Because, in general, the same sort of circumstances are relevant in deciding whether a decree may be modified as are relevant in making the initial order of alimony; *Cummock* v. *Cummock,* 180 Conn. 218, 221–22, 429 A.2d 474 (1980); *Sanchione* v. *Sanchione,* supra, 401–402; the trial court was required, in passing on the defendant's motion, to consider the length of the marriage and cause for the dissolution, the age, health, station, occupation, amount and sources of income, vocational

skills, employability and estate and needs of the parties. See *Jacobsen* v. *Jacobsen,* supra, 264; General Statutes § 46b-82. This the trial court did.[5] It was not required to consider the plaintiff's salary in her full-time job in a vacuum. The mere fact that a former spouse has had an increase in earnings may not be, in and of itself, a ground for modification of alimony. See, e.g., *Kinnaman* v. *Kinnaman,* 532 P.2d 755, 756–57 (Colo. App. 1975); *Ruelas* v. *Ruelas,* 455 S.W.2d 28, 30 (Mo. App. 1970); see also *Ellis* v. *Ellis,* 135 Vt. 83, 84–85, 370 A.2d 199 (1977). It is simply another factor to be considered by the court.

Here, it is clear that the parties anticipated that the plaintiff would obtain full-time employment at the time that Jamie became eighteen years of age. The only question, then, is whether the court was justified in concluding that the salary that the plaintiff is now earning was within the range contemplated by the parties at the time of the original decree, and that, under all the circumstances, a modification was not warranted. The evidence before the court disclosed that the parties were married for many years; that the plaintiff had the expense of maintaining what was formerly the family home; that she had substantial weekly expenses; that, although Jamie was still living with the plaintiff, child support had ceased; and that the defendant's expenses were insubstantial. In addition, the court was aware that the original order of alimony and child support had, in 1978, been reduced by $200 a month and that the plaintiff was receiving only seventy-five dollars a week in alimony. Under the circumstances, we cannot say that the court abused

[5] In addition to the testimony presented, the court also had the financial affidavits of the parties.

its discretion in concluding that the change in the plaintiff's salary was within the range contemplated by the parties at the time the original decree entered and did not warrant a modification of alimony in light of all the other factors. The court could reasonably have concluded as it did.

There is no error.