HALINA M. BILOSZ *v.* ROBERT J. BILOSZ

BOGDANSKI, PETERS, HEALEY, WRIGHT and ASPELL, Js.

Argued February 10—decision released May 5, 1981

*Bruce Morris,* with whom was *Richard M. Corr,* for the appellant (defendant).

*Stephen J. Anderson,* with whom, on the brief, was *Charles W. Bauer,* for the appellee (plaintiff).

Aspell, J. The defendant has appealed from the trial court's denial of his motion for modification of child support payments. He claims that the court abused its discretion in ordering a weekly payment on the child support arrearage; in failing to find that he demonstrated a substantial change in circumstances which would warrant a modification of the previous support order; and in basing its denial of modification on his potential earning capacity.

The following facts are relevant to a determination of this appeal: The plaintiff and the defendant were divorced on September 9, 1977. When the marriage was dissolved, the court ordered the defendant to pay $50 per week for alimony and $50 per week per child for support of the two minor children. All property was distributed under the court's orders except for an apartment building at 490 Burritt Street, New Britain, which the parties had owned jointly, and which they continue to own as tenants in common without rights of survivorship. At that time, the defendant was employed by the New Departure Company and was earning approximately $20,000 per year. On February 24, 1978, the order for alimony was reduced to $1 per year. When the hearing on the alimony reduction was held, the defendant was employed as a clerk in his mother's liquor store and had a net income of $62.19 per week.

The present request for modification of support was heard on July 19, 1979. At this hearing a motion by the plaintiff to find the defendant in contempt for failure to pay the support arrearage was also heard. The defendant's financial affidavit revealed that his net weekly income had increased since February, 1978, to $70.41; that his one-half interest in the

equity in the Burritt Street apartment building had increased from $23,000 to approximately $59,000 since January, 1978; and that his total liabilities had increased since January, 1978, from $1031.12 to $8575. These increased liabilities included a $6500 loan from his mother to cover attorneys' fees and a $2000 bank loan for the support arrearage which he was ordered to pay. It was agreed by the parties that the current arrearage was $7791.85.

Several witnesses testified on behalf of the defendant. His physician testified that the defendant had exhibited symptoms of severe anxiety and depression and that he had had difficulty coping with his prior employment. Testimony was elicited from the defendant's mother which supported his claimed earnings and the fact that she had loaned him $6575. The defendant's accountant offered testimony to support the data on the defendant's financial affidavit, though he acknowledged that an accountant works from the information supplied by his clients.

The plaintiff testified that she had begun working as a secretary for a net wage of $79 per week. Deducting the $50 per week by which her alimony payments were reduced, her net increase was only $29. In addition to this, as of August, 1978, she had begun paying $50 per week in rent to her mother.

The trial court did not find a substantial change in the circumstances of either party which would warrant a reduction in child support. The court took into account the earning potential of the defendant, and found that, although he had suffered emotional strain, he was now in a position to find a better job. The defendant was not found in contempt for his failure to pay arrearage, but was

ordered to begin paying $15 per week on the agreed-upon amount. These findings, and the order to pay the arrearage, are claimed by the defendant to be unreasonable.

In order for a court to modify an order for support there must be a showing of a substantial change in the circumstances of either party. General Statutes § 46b-86; *Hardisty* v. *Hardisty*, 183 Conn. 253, 258, 439 A.2d 307 (1981); *Grinold* v. *Grinold*, 172 Conn. 192, 195, 374 A.2d 172 (1976); *Viglione* v. *Viglione*, 171 Conn. 213, 215, 368 A.2d 202 (1976). "In addition, the changed circumstances requiring a modification must not have been contemplated by the parties at the time of the entry of the decree, must be substantial and must have arisen subsequent to entry of the original decree." *Grinold* v. *Grinold*, supra, 195. The defendant in this case relied upon purported changes of circumstances which related to the plaintiff and to himself. Because the plaintiff became employed in September, 1978, the defendant claimed that her circumstances were substantially changed. The reduction of her alimony, however, and the fact that she was now paying rent, could properly be considered by the trial court in concluding that there was no substantial change in the plaintiff's circumstances.

The defendant points to the increase in his indebtedness as a substantial change in his circumstances. Two thousand dollars of this increase represented the loan he incurred to pay support arrearages. Court-ordered support payments are not a basis for modification of an original decree because they are contemplated at the time of the decree. See *Sanchione* v. *Sanchione*, 173 Conn. 397, 407, 378 A.2d 522 (1977); *Grinold* v. *Grinold*, supra, 195. There-

fore, the trial court could properly discount this item of indebtedness. Also, with respect to the additional $6575 which the defendant's mother advanced for his attorney's fees, she did not specifically testify that the defendant owed her this money nor did the defendant acknowledge it as a definite obligation to his mother. Even if this were to be considered a debt, balanced against the increase in the defendant's interest in the Burritt Street apartment, the court could reasonably have concluded that this indebtedness did not represent a substantial change in the defendant's circumstances.

The final change in circumstances relied upon by the defendant is the decrease in his earnings. The defendant sought to create the impression that he was unable to earn more than the wages paid to him by his mother. The court's consideration of the defendant's earning capacity in denying the motion to modify was proper. *Tobey* v. *Tobey,* 165 Conn. 742, 748, 345 A.2d 21 (1974). The defendant does not contend that earning capacity may never be considered, but argues that in the present case there was no evidence concerning earning capacity upon which the court could base its conclusion. The court. however, considered the defendant's income tax returns prior to the divorce. The defendant's inability to cope with his prior employment was not entirely undisputed at the trial. After evaluating all of the evidence, the trial court concluded that the defendant was in a position to find a better job. We find no abuse of the trial court's discretion. "Our review is limited to deciding whether the trial court has abused its legal discretion. As we have repeatedly noted, 'trial courts have a distinct advantage over an appellate court in dealing with domestic relations, where all of the surrounding

circumstances and the appearance and attitude of the parties are so significant.'" *Hardisty* v. *Hardisty,* supra, 260, citing *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 262, 413 A.2d 854 (1979).

There is no error.

In this opinion the other judges concurred.