[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The 33 year old plaintiff husband has brought this action against the 31 year old wife seeking a dissolution of their marriage that took place at Prospect, Connecticut on October 10, 1980. Only one child has been born to the defendant since the marriage, Cherie Lynn, born March 6, 1984, issue of the marriage. The parties have agreed to adopt the provisions as to custody and visitation as the same are stated in the Family Relations Officer's report, (Defendant's Exhibit #11).
At the time of the marriage, the plaintiff was employed by his father as a maintenance man for a cinema his father owned and operated. The plaintiff continued to work for new owner for four additional years.
In all, the plaintiff earned $225 net weekly during the first five years of the marriage. The plaintiff thereafter worked for his father's building business as a carpenter.
The plaintiff's father then began to open video stores and in time, plaintiff and defendant were operating a video store. Three more video stores were opened by the parties, one with defendant's brother and with plaintiff's carpentry partner. Three years ago all four stores were sold for a $60,000 profit. After paying taxes, the parties purchased a new car, furniture, boat, paid bills, and the defendant retained the remaining $20,000.
Another video store was purchased in Plantsville which the defendant operated. The defendant abandoned the store several months ago and the plaintiff closed it a month later. The defendant returned to working as a licensed hairdresser instructor.
At the beginning of the marriage, the parties lived in a trailer. The defendant was employed at a beauty salon until 1983. She then became employed by a local bank, which provided medical insurance benefits.
The parties bought a home on Dellwood Drive, Waterbury, after selling the trailer, with financial help from plaintiff's father and from defendant's father. The plaintiff refurbished the CT Page 2107 property, and 18 months later sold it netting $60,000 profit.
After renting from plaintiff's father for a time, the parties purchased the property known as 102 Strathmore Road, Middlebury. the parties put $60,000 down, borrowed $220,000 from a bank and borrowed additional money from the plaintiff's father, (Defendant's Exhibit #10), executing a note and mortgage for $41,500 to the plaintiff's parents. Although the defendant claimed that the $41,500 was a gift, the court finds that the more credible evidence establishes the genuineness of the mortgage.
The parties separated for one month in 1983. The second and final separation occurred about eleven months ago when the plaintiff moved from the parties' home. A reasonable inference which the court draws from all the evidence is that the marriage was irretrievably broken down at that time.
The plaintiff testified that there has been no carpentry work available to him for at least one year. The plaintiff last worked for a business of his father's during the Spring of 1990, (Defendant's Exhibit #3). Charles LaFlamme, the plaintiff's father, testified he is finishing one project and has no other work at present. No evidence was introduced to demonstrate that there is carpentry work or odd-job work available to the plaintiff. The plaintiff is presently working as a stock man at Waldbaum's for $7.00 hourly.
The defendant claims that the "earning capacity" test should be applied by the court when fixing the orders. Absent a showing that the plaintiff voluntarily left available employment, is avoiding available employment, or is voluntarily depleting his earnings, the earning capacity rule does not apply, Miller v. Miller, 181 Conn. 610, at 611-612 and cases cited therein. If there is no demand for carpentry skills in the local area, then the court cannot conclude that the plaintiff is in a position to find a better job, Bilosz v. Bilosz, 184 Conn. 90, 94. The court declines to apply the earning capacity test.
After the separation, the defendant used the $20,000 fund mentioned above to buy an auto and to hire a lawyer. The second mortgage is now being foreclosed. The parties have had the property listed for sale through a broker since 1st October, with a price reduction entered into last month.
By the parties' agreement, a temporary order for $200 weekly support was ordered on July 2, 1990.
At the time of trial on March 1, 1991, the plaintiff was $1,300 in arrears, representing seven weeks less $100. Heard as part of the trial was defendant's motion for contempt dated CT Page 2108 January 23, 1991 (#127).
Civil contempt does not lie if the inability of the party to obey an order of the court, without fault on his part, is a good defense to the charge of contempt, Tobey v. Tobey, 165 Conn. 742,746. The court declines to hold the plaintiff in contempt for it finds that his income does not warrant such order, the plaintiff is heavily in debt and there was no proof that the plaintiff had any hidden assets other than defendant's claims of cash that she saw in the past. Since she was in charge of the books for all of the video stores, and ran a store on two separate occasions, her failure to provide any corroboration of her claims is found not credible by the court. Motion (#127) is denied.
Both parties are high school graduates and in good health. Except for defendant's childbirth hiatus, both parties worked during the marriage. Each accused the other of responsibility for the marriage breakdown. The court finds that they must share that responsibility equally.
Having reviewed the evidence in light of the statutory criteria, the court enters the following decree:
1. A judgment is entered on the complaint dissolving the parties' marriage on the ground of irretrievable breakdown. The defendant's cross-complaint is dismissed as moot.
2. The court orders joint legal custody of the minor child with physical residence with the mother. Visitation shall be as the parties agreed as follows, quoting the F.R.O. recommendation:
"Parents will continue to share joint custody of the minor child, with physical residence to remain with mother.
Father will have reasonable rights of visitation to include, but not be limited to, the following:
There is to be an alternating weekend schedule and father will pick up and return the child to the maternal grandparents' home.
On alternate weekends, visitation will be Fridays from 4:00 p. m. and the child will be returned between 7:00 p. m. and 8:00 p. m. Saturdays of that weekend, the child will be picked up between 10:00 a.m. and 11:00 a.m. and returned that evening before 6:00 p. m.
On the alternate weekends when overnight visitation is to take place, visitation will be from Fridays at 4:00 p. m. until Saturdays at 5:00 p. m. If the child is to be returned later than CT Page 2109 5:00 p. m., father will notify the maternal grandparents.
The parents will be flexible, by agreement, with the above schedule.
The parents will alternate holidays, with the holiday schedule to be determined by mutual agreement.
The issue of summer vacation remains unresolved."
3. The plaintiff shall pay to the defendant the sum of $50 weekly as child support. This figure reflects the amount mandated by the child support guidelines effective March 1, 1991, using the parties financial affidavits.
4. The parties shall each cover the minor child on any medical insurance coverage available through their respective employers. The parties shall be equally (50/50) responsible for any uninsured bill balances incurred on behalf of the child.
This order incorporates the provisions of Section 46b-84 (c), Connecticut General Statutes.
5. The plaintiff shall pay to the defendant the sum of $1.00 per year periodic alimony until the defendant's remarriage, death or cohabitation as defined by statute.
6. The plaintiff is ordered to convey his interest in the real estate known as 102 Strathmore Road, Middlebury to the defendant. No assumption of mortgages is ordered. The conveyance shall be completed by April 10, 1991.
7. The defendant is awarded the contents and exclusive possession of the said real estate.
8. Each party shall remain solely liable on their sole debts including legal expenses. Both parties shall remain liable on their joint debts.
9. The plaintiff shall remain liable on the temporary order of support which is terminated as of the day this memorandum is filed. He shall pay the accrued arrears at the rate weekly.
10. The child support order and the arrears payment ordered secured by a wage withholding, Section 52-362, Connecticut General Statutes.
HARRIGAN, J. CT Page 2110