[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO MODIFY (PLEADING NO. 137:09)
Plaintiff Janet B. Jaykus seeks a modification of her periodic alimony award. On August 16, 1991, Mrs. Jaykus was awarded alimony of $100.00 per month for two years and thereafter $1.00 per year for eight years. At the conclusion of the evidentiary hearing on her motion to modify alimony, the plaintiff requested the court to increase alimony from $1.00 per year to $942.00 per month. She also requested the court to increase child support from $1,505.00 per month to $1,708.00 per month, to direct the defendant to obtain life insurance on his life in the amount of $150,000 with the plaintiff named as beneficiary, to direct the defendant to pay a 1989 federal income tax deficiency, to award the plaintiff $4,200.00 in legal fees, and to make the alimony and support orders retroactive to the date on which the plaintiff's motion to modify alimony was served on the defendant, i.e. July 27, 1993. With respect to these requests, the court orders each party to pay fifty percent of the 1989 income tax deficiency. The other claims for relief are denied.
This court may modify periodic alimony under General Statutes CT Page 240046b-86(a) "upon a showing of a substantial change in the circumstances of either party. . . ." The plaintiff, as the party seeking modification of the alimony award, "must clearly and definitely show individual facts and circumstances which have substantially changed." McGuiness v. McGuiness, 185 Conn. 7, 10
(1981). "[I]n general, the same sort of circumstances are relevant in deciding whether a decree may be modified as are relevant in making the initial order of alimony." Noce v. Noce, 181 Conn. 145
(1980)' General Statutes 46b-82.
Since the time of the divorce, the plaintiff's earned net income has decreased by $187.00 per month and her expenses have decreased by 107.00 Per month. Today, she earns $1,795.73 net per month and receives $1,500.00 per month as support for the parties' three children. At the time of the divorce, the plaintiff's expenses were $4,608.00 per month. Today, her expenses are $4,500.00 per month.
The defendant reported a net monthly income of $3,295.73 at the time of the divorce. In actuality, his net was lower. He had understated his taxes. His expenses in 1991 excluding alimony and support were $4,500.00 per month. Today, the defendant earns $3,417.55 per month. His monthly expenses are $2,757.50. In addition, he is obligated to pay child support of $1,500 per month.
The plaintiff presently has assets of $2,000. Her liabilities, excluding obligations to the Internal Revenue Service, are $3,800. She lists two obligations to the I.R.S., $3,500.00 for 1989 and $8,600.00 for a later year. She and the defendant are jointly responsible for the first obligation. She is solely responsible for the second obligation.
The defendant has assets valued at $2,500.00. His liabilities, excluding the 1989 I.R.S. obligations, are $10,152.15. In addition, he will owe the I.R.S. $1,200.00 for 1993 income taxes.
By providing for the automatic reduction of alimony from $100.00 per month to $1.00 per year, the parties intended that the plaintiff should receive a nominal payment should no intervening material circumstances occur. See Scoville v. Scoville, 179 Conn. 277,280 (1979). After considering the parties testimony, the exhibits, and the parties' financial affidavits, the court concludes that the plaintiff has failed to show a substantial change in the circumstances of either party. CT Page 2401
As for the plaintiff's request for an increase in child support, the court refrains from ruling upon this request since it was not part of the motion to modify alimony. The defendant is representing himself and is entitled to fair notice of the request. The court notes, nevertheless, that the present support order appears to be in compliance with the state child support guidelines.
The request that the court order the defendant to purchase a life insurance policy is denied. The judgment provides in paragraph 22 "that the defendant-husband shall provide no life insurance coverage for the benefit of the children, nor for the plaintiff-wife." There was no evidence that group life insurance is available through the defendant's place of employment. Furthermore, there was no evidence as to the cost of a $150,000.00 life insurance policy on the defendant's life. This court can not grant the request for insurance.
With regard to the 1989 federal income tax delinquency, each party is ordered to pay fifty percent of the deficiency.
The claim for attorney's fees is denied.
It is so ordered.
THIM, JUDGE