[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR MODIFICATION
The parties were married in 1971 and the marriage was dissolved in 1988 after trial before Joseph Bogdanski, State Trial Referee, There are two children born of the marriage: Michael born on November 29, 1974, and Melissa born April 9, 1981. The trial court entered several orders concerning the disposition of property, alimony, and support. The various order of the trial court were upheld on appeal. Febbroriello v.Febbroriello, 21 Conn. App. 200 (1990).
Over the next five years the parties were in court on several occasions concerning issues of contempt, arrearages, and modification of the earlier orders of the court. The alimony and support orders were modified downward more than once, with the final modification occurring on February 21, 1995 when the support and alimony orders were reduced to $76.00 and $74.00 per week respectively.
Before the court at this time is a motion filed by the plaintiff on May 7, 1997 seeking to reopen and modify the judgement by increasing the child support order, and motion filed by the defendant on July 1, 1997 requesting that the judgement be reopened, and that both the support and alimony orders be decreased.
The basis of the plaintiff's motion is a claim that the defendant has a vested pension plan through Yale-New Haven Hospital, where he worked until 1995, and that he can begin receiving a substantial monthly pension benefit, but arbitrarily chooses not to do so. The plaintiff claims that this monthly benefit, which the defendant chooses not to collect, should be added to his current earnings, and that the total earnings will then be at a figure which will show a substantial change in the defendant's economic circumstances, thereby justifying an increase in the support order.
The motion filed by the defendant alleges that there has been a substantial downward change in his financial situation since the current orders were entered on February 21, 1995 which CT Page 11102 justifies a decrease in both the support and alimony orders.
The court held a hearing on both motions on July 22, 1997. The three witnesses who testified were Joseph Canetti, Manager of Benefits at Yale-New Haven Hospital, the plaintiff, and the defendant.
General Statutes § 46b-86 (a) provides in pertinent part:
 (a) Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party.
Each of the parties claims that there has been a "substantial change" in the circumstances of the defendant.
 This court has interpreted the substantial change in circumstances standard to require a finding of a substantial change in circumstances that was not within the contemplation of the parties at the time of the original alimony decree, and that these circumstances arose after the decree. See, e.g., Bilosz v. Bilosz, 184 Conn. 90, 93, 441 A.2d 59 (1981); Sanchione v. Sanchione, 173 Conn. 397, 407, 378 A.2d 522
(1977); Grinold v. Grinold, 172 Conn. 192, 195, 374 A.2d 172 (1976). A substantial change in circumstances demonstrates that continued operation "of the original order would be unfair or improper." Noce v. Noce, 181 Conn. 145, 149, 434 A.2d 345 (1980); 2A Nelson, Divorce and Annulment (2d Ed.) § 17.07. The party seeking modification must clearly and definitely show individual facts and circumstances which have substantially changed. Grinold v. Grinold, supra, 196.
McGuinness v. McGuinness, 185 Conn. 7 (1981).
The plaintiff's claim of a substantial change in the economic circumstances of the defendant is premised on an allegation that "the defendant has a vested pension plan through Yale-New Haven Hospital, his former employer. . . . (and) that the defendant can begin receiving his monthly pension benefit but chooses not to do so". The plaintiff then claims that this monthly benefit, which the defendant is entitled to collect, should be added to his CT Page 11103 current earnings so as to reflect his current earning capacity which will then demonstrate a substantial change in the defendants' economic circumstances.
Based on the uncontroverted testimony of Mr. Canetti the court finds that the defendants' pension at Yale-New Haven Hospital was terminated in April, 1995 when the defendant elected to take a lump sum payment, and therefore he does not now have the option to receive a monthly benefit. The court also finds that the election to take a lump sum payment in 1995 was a reasonable and prudent action on the part of the defendant. Since the facts relied on by the plaintiff as constituting a substantial change in the defendants' financial situation have not been proven, the plaintiff's motion to modify the support order is denied.
An additional and independent reason for denying the plaintiff's motion is that Judge Bogdanski, as an assignment of property, ordered the plaintiff to waive any interest she had in the pension plan, thereby awarding the pension plan to the defendant. Section 46b-86 (a) by its specific terms, . . . "This section shall not apply to assignments under 46b-81 or to any assignment of the estate or a portion thereof of one party to the other party under prior law . . .", preludes subsequent modification of that portion of a final order assigning property to one of the parties.
 By its terms, the statute deprives the Superior Court of continuing jurisdiction over that portion of a dissolution judgment providing for the assignment of property of one party to the other party under General Statutes § 46b-81.
Bunche v. Bunche, 180 Conn. 285, 289, (1980).
For each of the foregoing reasons the plaintiff's motion to modify is denied.
Also before the court is the defendant's motion to modify the current orders for alimony and support, claiming that since these orders were entered on February 21, 1995, that there has been a substantial change in his financial circumstances.
The defendant's motion alleges that there has been a substantial change in his financial circumstances, based on a reduction in his net income demonstrated by comparing his CT Page 11104 financial affidavit filed on February 21, 1995, showing net income of $302 per week, with his present affidavit showing net income of $226 per week.
 Although, when acting on a motion to modify, the trial court is to examine the same criteria outlined in § 46b-82
used to determine an initial award of alimony; Hardisty v. Hardisty, supra, 183 Conn. 258-59; it should evaluate the circumstances of the parties as they exist at the time of the modification hearing, compare them to what they were at the time of the last court order and arrive at a fair and equitable determination. Jacobsen v. Jacobsen supra, 177 Conn. 265.
Borkowski v. Borkowski, 228 Conn. 729, 747.
Merely because the defendant has a reduction in his weekly net income does not, in and of itself, demonstrate a substantial change in his financial circumstances. This is one of various factors to be considered by the court. See Noce v. Noce,181 Conn. 145, 149-150; General Statutes Section 46b-82.
The 1995 affidavit shows weekly expenses of $1854, of which $790 is for alimony and support. If the alimony and support obligations were entirely removed from the expenses there remained $1064 in weekly expenses at the time the present orders were entered. The defendant's current affidavit reflects weekly expenses of $371, including $149 for alimony and support. One explanation for this dramatic reduction in weekly expenses offered by the defendant was that his wife, who is employed earning $350 per week gross, contributes to the household expenses, and that the amount on the affidavit his pro rated share. That the defendant has someone with which to share his weekly expenses obviously has a bearing on his overall financial circumstances.
 Moreover, the plaintiff shared his expenses with, and the income of, his new wife, who earns approximately $10,000 per year. The court was correct in considering the income of the plaintiff's wife because it was relevant to his current expenses, a material factor in determining his current net income and, therefore, his ability to pay the increased alimony.
McGuinness v. McGuinness, supra, 12. CT Page 11105
It is also noted that on February 21, 1995 the defendant had total debts, exclusive of 131,000 owed on his "divorce payments," of 25,440, which required weekly payments of $228. At the present time he owes a total of $14,202 requiring weekly payments of $89.
The court finds that the defendant has failed to prove that there has been a substantial change in his financial situation so that "continued operation of the original order would be unfair or improper." McGuiness v. McGuiness, supra, 10. The defendant's motion is denied.
Accordingly for the reasons stated, both motions to modify are denied.
Hadden, Judge Trial Referee