[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
1. Unreimbursed Medical Expenses
The court is unable to determine from the information CT Page 15442 submitted whether section 6.2 of the agreement has been violated. Both the plaintiff and the defendant submitted medical bills and insurance information. Unfortunately the information is not clear as to the amount of coverage, whether the bills were properly submitted, and what is the reimbursed and unreimbursed amounts.
2. Motion to Modify Custody and Support #230
On December 10, 1998 the plaintiff and the defendant reached an agreement as to the modification of custody. The parties now have joint legal custody with the primary residence or physical custody with the father and reasonable visitation to the mother, including but not limited to an outlined schedule. Such schedule contemplates time when the children will be staying overnight at the mother's residence. This includes weekends, holidays and school vacations for up to two weeks at a time.
Conn. General Statutes § 46b-84 provides that subsequent to dissolution of marriage or divorce the parents of a minor child of the marriage shall maintain the child according to their respective abilities if the child is in need of maintenance. The obligation is on both parents. The amount of the obligation takes into account what each parent can afford to pay. A minor child's right to parental support has an independent character, separate and apart from the terms of the support obligation. . . . Guillev. Guille, 196 Conn. 260 at 268 (1995).
In this case the child support obligation exists and does not terminate until the minor children have reached age 19, graduation from high school or are otherwise emancipated pursuant to Article IV 4.1 of the agreement.
The Court has broad discretion in deciding motions for modification. Noce v. Noce, 181 Conn. 145 (1980). The terms of the child support obligation may be modified upon a showing of substantial change in the circumstances of either party.
In the present case there has been a substantial change in circumstances. The current child support order is $2,400.00 per month and fall outside the child support guidelines. The child support guidelines are predicated upon the concept that children should receive the proportion of parental income that they would have received had the family remained intact. The guidelines are income driven. . . . Unkelbach v. McNary, 244 Conn. 350 at 357 [1998]. The guidelines are considered in addition to and not in CT Page 15443 lieu of the criteria set forth in Conn. General Statutes §§ 46b-84 and 46b-86.
The physical custody or physical residence of the children was changed by agreement on December 10, 1998. The children will now live with the defendant father and reasonable visitation including overnights, to the plaintiff mother. The change in the primary residence justifies a change in the terms of the support obligation. Therefore the motion to modify support is granted. The defendant's obligation is reduced to zero and the plaintiff's obligation is increased to $173.00 per month. The defendant's obligation is reduced but not terminated.
3. Motion to Modify Alimony #234
Alimony is damages to compensate for loss of marital support and maintenance. Crowley v. Crowley, 46 Conn. App. 87 (1997).
The parties disagree as to paragraph 5.2 of the dissolution agreement. The plaintiff believes that the $1.00 per year may be modified as to amount in the event that the child support payments are reduced for any reason. The defendant opposes the modification and argues that the $1.00 per year award should be terminated because the defendant father's child support obligation terminated with the children going to live with him.
The defendant's testimony and a plain reading of 5.2 of the agreement leads to the conclusion that the alimony award may be modified.
Conn. Gen. Statutes § 46b-86 permits modification of an alimony award upon a showing of substantial change in circumstances.
In the present case there has been a substantial change in circumstances. The primary residence or physical custody has changed from the plaintiff mother to the defendant father. Additionally, the plaintiff mother has been under a disability. She was stricken with cancer and has undergone surgery and extensive treatment for her illness. The plaintiff, after no longer being the business partner of the defendant, has not had a steady job and is currently earning $200.00 per week as a seamstress. She is currently seeking employment where she can utilize the skills that she had contributed to the business. CT Page 15444
The Court has reviewed all the financial affidavits filed and application for fee waivers which lists income and expenses. The defendant's support obligation has been reduced but not terminated.
The motion to modify alimony is granted. The amount is modified as follows:
 ORDER
The defendant shall pay the plaintiff the sum of One Thousand Two Hundred Dollars [$1,200] per month for a period of four years. At that time the amount shall be reduced to Eight Hundred Dollars per month until Christine reaches the age of majority.
The amounts may also be terminated at the death of either party, or the plaintiff's remarriage, or at such time as the plaintiff earns greater than Fifty Thousand Dollars per year ($50,000.00) net.
Crawford, J.