[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO TERMINATE ALIMONY PAYMENTS (#203) AND PLAINTIFF'S MOTION FOR CONTEMPT (#205)
Before the court are the defendant's motion to terminate alimony payments/postjudgment (#203) and the plaintiff's motion for contempt/post judgment (#205).
The marriage of the parties was dissolved on May 6, 1977. There were two minor children issue of the marriage. There was a CT Page 6444 separation agreement incorporated by reference into the dissolution decree. In Article V thereof, it provided in relevant part that commencing in January, 1978, the defendant was to pay to the plaintiff, during the defendant's lifetime until plaintiff's death or remarriage, for her support and that of the children, the sum of $2,666.67 per month as alimony. Said payments to the plaintiff were to be reduced by $400 per month per child as each child attained the age of eighteen years. The parties' youngest child turned eighteen in July, 1989, and the defendant has been paying the plaintiff as alimony, the sum of $1,888.67 per month since that time.
At the time of the instant hearing, in December, 1998, the parties stipulated that, subject to any modification, there was an arrearage of $11,200 which had accrued from July 1 through December 31, 1998. They further stipulated that any modification would be retroactive to at least June 6, 1998, with the defendant having the right to argue for further retroactivity to as early as May 21, 1998, the date of filing of the defendant's motion.
This court examined the parties' financial affidavits submitted at the time of the dissolution, in May, 1977. The plaintiff was not employed and had no income. The defendant was employed by Evan Jerome Converting Corporation, and also performed services for Todd Knitting Corporation, for which he received commissions. His affidavit stated that in calendar year 1976, he received income from both sources in the approximate amount of $117,000.
This court finds the following additional facts as a result of the hearing on the parties' motions.[1] For some time in or prior to 1995, the plaintiff worked for a dentist at a salary of $22,800 per year. She relocated to Arizona in 1995. The plaintiff took a job with a cardiologist at $10 per hour, but quit the job because, in her words, it was "chaotic." She hasn't gotten another job since then. She has, in part, attended to the needs of her parents, one of whom has since passed away. The plaintiff has had some recent health problems, including a melanoma which was surgically removed, and her suffering from some depression. It is not clear to the court that either of these conditions would materially affect the plaintiff's ability to seek and hold some job of the kind described above.
The defendant was employed by Todd Knitting prior to May, 1997. By that time, he had acquired an interest in the company. CT Page 6445 However, the business had gone sour and could not financially support both him and the other principal. The defendant sold his interest in the business and obtained a consulting agreement with Todd Knitting, in May, 1997. The consulting agreement was put into evidence as defendant's exhibit B. The defendant was to act as a consultant to Todd Knitting for a period of 70 weeks at the rate of $2,500 per week. The defendant received the agreed compensation for six months, May through October, 1997, but it was cut by Todd Knitting to $3,000 per month from November, 1997 through April, 1998. The defendant did not receive anything after that. Todd Knitting "closed its doors" in early 1999. The defendant has no current income.
The defendant continued to pay the plaintiff the full alimony through June, 1998. However, he filed the instant motion to modify or terminate in May, 1998. The defendant looked for but did not find other work. He is now in his late 50s. He has become involved in a new restaurant venture locally. He has taken out a home equity loan against his residence, and has contributed about $265,000 to the restaurant venture. As of December, 1998, the restaurant hadn't opened. The defendant is not taking a salary. He does hold a note from the venture for interest payments of $1,600 per month beginning in February, 1999, and any interest actually received would be applied against his own interest expense on the home equity line of credit. For some time the defendant has been liquidating assets, including his retirement account, to meet living expenses and, through June, 1998, his alimony obligation. The defendant has chronic Krohn's disease.
C.G.S. § 46b-86(a), provides in pertinent part that:
 "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony . . . may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party. . . ."
In deciding a motion for modification, there is a two-part inquiry. First, the court must determine whether there has been a substantial change in circumstances warranting a modification of the existing order. Crowley v. Crowley, 46 Conn. App. 87, 92
(1997). "A substantial change in circumstances demonstrates that continued operation "of the original order would be unfair or improper.' Noce v. Noce, 181 Conn. 145, 149, 434 A.2d 345 (1980); CT Page 6446 2 A Nelson, Divorce and Annulment (2d Ed.) Section 17.07."McGuinness v. McGuinness, 185 Conn. 7, 10 (1981). If there has been a substantial change in circumstances, the court next determines what an appropriate alimony order currently is, taking into consideration all of the statutory factors set forth in C.G.S. § 46b-82. Crowley, supra, at 92.
This court finds that, based upon the facts above, there has been a substantial change in circumstances and that the defendant is entitled to relief. Therefore, the defendant's motion is granted to the following extent. Alimony is reduced to $1 per year, effective June 6, 1998. The defendant shall receive a credit for any amounts paid to the plaintiff since that date. The parties shall endeavor to calculate any credit. They are referred to Family Relations to mediate satisfaction of that credit, and this court reserves jurisdiction over this portion of its order.
Under the same facts presented, the plaintiff has not proven by clear and convincing evidence that the defendant's non-payment of alimony has been willful. Therefore, the plaintiff's motion for contempt is denied.
So Ordered.
KAVENEWSKY, J.