ROBERT McGUINNESS *v.* MARIE McGUINNESS

BOGDANSKI, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, JS.

Argued May 6—decision released July 21, 1981

*Gene S. Manheim,* for the appellant (plaintiff).
*Philip M. French,* for the appellee (defendant).

ARMENTANO, J. This appeal raises the issue of the modification of a divorce decree by continuing alimony beyond the time originally fixed for its termination because of a substantial change of circumstances.

On January 2, 1974, the 24-year marriage of the plaintiff Robert McGuinness and the defendant Marie McGuinness was dissolved upon a finding of irretrievable breakdown. At that time the defendant was an unemployed housewife and a mother to two minor children. The court awarded her $55 per week periodic alimony and medical insurance coverage to be provided by the plaintiff. This support was to terminate upon the occurrence of the earliest of the following: the wife's death, her remarriage or the lapse of six years. On December 11, 1979, approximately two months prior to the six-year termination date, the unremarried wife filed a motion for modification of alimony. She alleged that since the original decree she had become unable to meet the medical expenses resulting from her substantially deteriorated health, and she also alleged that the plaintiff's financial situation had substantially improved relative to hers because of his increased net income. The defendant had been working full time for approximately four years.

The court, in modifying the decree, found that the parties originally assumed that the defendant would be self-sufficient within six years of the divorce. The court also stated that, due to a combination of the change in the relative financial positions between the two parties and the defendant's substantially deteriorated health, this assumption had not been proven correct. Therefore, since these subsequent circumstances were not within the con-

templation of the parties when the original award was granted, the court modified the decree by extending the $55 weekly alimony payments for a period of two years. Additionally, the court ordered the plaintiff to pay one-half of the defendant's uninsured medical expenses over the same two-year period. The plaintiff appealed from this order, claiming that the court did not consider the contemplation of the parties in awarding the modification; that failure to become self-sufficient was an improper factor in awarding modification; that no substantial change in circumstances was proved; that the court should not have ordered payment of unreimbursed medical expenses because they were not included in the original order; that the defendant impermissibly contributed to her financial distress; and that the court should not have considered the income of the plaintiff's current wife in assessing his net income.

Pursuant to § 46b-86 (a) of the General Statutes, "any final order for the periodic payment of permanent alimony . . . may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party." An alimony order for a specific term is modifiable unless the original decree unambiguously precludes modification. *Scoville* v. *Scoville*, 179 Conn. 277, 280, 426 A.2d 271 (1979). In the present case nonmodifiability was not raised by the parties, nor is it apparent from the facts.

This court has interpreted the substantial change in circumstances standard to require a finding of a substantial change in circumstances that was not within the contemplation of the parties at the time

of the original alimony decree, and that these circumstances arose after the decree. See, e.g., *Bilosz* v. *Bilosz,* 184 Conn. 90, 93, 441 A.2d 59 (1981); *Sanchione* v. *Sanchione,* 173 Conn. 397, 407, 378 A.2d 522 (1977); *Grinold* v. *Grinold,* 172 Conn. 192, 195, 374 A.2d 172 (1976). A substantial change in circumstances demonstrates that continued operation "of the original order would be unfair or improper." *Noce* v. *Noce,* 181 Conn. 145, 149, 434 A.2d 345 (1980); 2A Nelson, Divorce and Annulment (2d Ed.) § 17.07. The party seeking modification must clearly and definitely show individual facts and circumstances which have substantially changed. *Grinold* v. *Grinold,* supra, 196. The trial court correctly applied this standard.

The court found an uncontemplated substantial change of circumstances on the independent but interrelated grounds that the defendant wife's health had deteriorated resulting in her inability to pay her medical expenses, and that the plaintiff husband's net income had substantially improved relative to that of the defendant. Since the original alimony order the defendant wife had developed several chronic medical problems. That she has suffered from severe stomach, colon, nervous and other disorders, requiring intermittent hospitalization, is clear from the record. These medical problems are of a more seriously debilitative nature than her hypoactive thyroid condition existent at the time of the original order and which has persisted throughout her life. Although her health problems have not prevented the defendant wife from maintaining full-time employment over a four-year period, at a current income of approximately $10,000 per year, health is a material factor in

awarding alimony.[1]  General Statutes § 46b-82; *Gallo* v. *Gallo,* 184 Conn. 36, 49, 440 A.2d 782 (1981). In a modification action, the court should consider the same factors as it would in rendering an original award. *Noce* v. *Noce,* supra, 149–50; *Cummock* v. *Cummock,* 180 Conn. 218, 222, 429 A.2d 474 (1980). Because an alimony modification action opens the entire circumstances for consideration, the plaintiff's argument that the order for payment of uninsured medical expenses is improper because they were not part of the original order is inapposite. As applied to the circumstances of this case, it was not necessary that the defendant in seeking modification based upon an unforeseen substantial deterioration in health show that her health adversely affected her employment. Although her employment history would be a factor, to require such a finding would discourage the industriousness of individuals like the defendant wife, whose perserverance was duly noted by the trial court. To establish the need for an increase or continuation of alimony when the recipient's health has substantially deteriorated, she need only show that she is unable to meet her medical expenses and that the payor is amply able to pay the increased alimony. See *Labrie* v. *Labrie,* 113 N.H. 255, 257, 305 A.2d 687 (1973).

Because of her heavy medical expenses and because she partially supported her adult son and a friend of his, the trial court found that the defend-

---

[1] Section 46b-82 of the General Statutes states, in relevant part: "In determining whether alimony shall be awarded, and the duration and amount of the award, the court . . . shall consider the length of the marriage, the causes for the . . . dissolution of the marriage . . . the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties . . . ."

ant wife's expenses substantially exceeded her income, including the alimony payments. We reject the plaintiff's claim that the defendant impermissibly contributed to her own financial problems by partially supporting her son and his friend. In *Sanchione* v. *Sanchione,* 173 Conn. 397, 378 A.2d 522 (1977), we ruled that a substantial unforeseen change in a spouse's ability to pay alimony must be "excusable and not brought about by the [payor's] own fault," to result in a decrease of alimony. Id., 407. As we stated in *Sanchione,* factors relevant to fault include "extravagance, neglect, misconduct or other unacceptable reason." Ibid. Applying that reasoning to the present case of a recipient spouse's claim for an alimony increase, we must affirm the court's finding that the defendant is giving her best efforts to make ends meet. The defendant is providing principally a room for these two individuals and objects to the residence of her son's friend in her home. Moreover, she receives contributions to food expenses for both. The evidence before the court, therefore, disclosed that the defendant clearly has not been able to support herself from her weekly alimony payments, her son's contributions, and compensation from her job.

The defendant proved that the plaintiff is amply able to pay the increased alimony. According to his financial affidavits, after deducting for taxes, dues and insurance, the plaintiff's net weekly earnings were $315.16 in 1980. Moreover, the plaintiff shared his expenses with, and the income of, his new wife, who earns approximately $10,000 per year. The court was correct in considering the income of the plaintiff's wife because it was relevant to his current expenses, a material factor in

determining his current net income and, therefore, his ability to pay the increased alimony.

The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts. *Gallo* v. *Gallo,* supra, 50. "[T]he unquestioned rule [in a modification action] is that great weight is due to the action of the trial court and every reasonable presumption will be made in favor of its correctness." *Noce* v. *Noce,* supra, 149; see *Swayze* v. *Swayze,* 176 Conn. 323, 337–38, 408 A.2d 1 (1978). As has often been explained, the foundation for this standard is that the trial court is in a clearly advantageous position to assess the personal factors significant to a domestic relations case, such as demeanor and attitude of the parties at the hearing. See, e.g., *Corbin* v. *Corbin,* 179 Conn. 622, 624, 427 A.2d 432 (1980); *Fucci* v. *Fucci,* 179 Conn. 174, 180–81, 425 A.2d 592 (1979); *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 262–63, 413 A.2d 854 (1979). We hold that the court did not abuse its legal discretion.

As a second ground for modification, the court found that the plaintiff's net income had substantially increased relative to the defendant's since the original order, which increase was not within the contemplation of the parties that the defendant would be self-sufficient within six years. Because we affirm the trial court's modification order on the ground of an uncontemplated substantial change in health, we need not consider the trial court's second ground for modification.

There is no error.

In this opinion the other judges concurred.