[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S RESPONSES TO REQUEST FOR PRODUCTION (#130) AND PLAINTIFF'S MOTION FOR ORDER FOR COMPLIANCE (#131)
The plaintiff has moved for modification of an alimony award provided in a separation agreement executed by the parties on May 18, 1984 which provided for termination of alimony on the plaintiff's death, remarriage, cohabitation or January 1, 1990, whichever event first occurred. Such alimony was in the amount of $1,700.00 per month. On January 1, 1990, support was to increase from $400.00 per month to $800.00 per month. On December 28, 1989, the plaintiff moved for modification "of the CT Page 4754 duration of alimony provided in the Separation Agreement which was encompassed into the judgment of dissolution of marriage."
At issue is whether or not the defendant has to disclose the income and assets of his present wife. It has been represented to the court that the relationship between the plaintiff and the defendant's present spouse is extremely poor and that the information is sought for harassment.
The plaintiff's request is to extend the term of alimony. Her claim is that she has suffered "a substantial change of financial circumstances arising out of the depressed real estate market. The income and assets of the defendant's spouse is immaterial and irrelevant to the issues to be litigated in this case. The assets and liabilities of the defendant's spouse is clearly immaterial and irrelevant. While the income of the defendant's spouse might be material upon the issue of the defendant's expenses, McGuinness v. McGuinness,185 Conn. 7 (1981); Manaker v. Manaker, 11 Conn. App. 653 (1987), it is not material in this case in view of the plaintiff's claims.
The defendant's Responses to Request for Production (docket entry 130) are treated as objections and are sustained. Plaintiff's Motion for Order for Compliance (docket entry 131) is denied.
EDGAR W. BASSICK, III, JUDGE