[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR MODIFICATION (DOCKET ENTRY 130)
The defendant has filed a motion for modification claiming that the defendant's net income has fallen below $250,000.00 per year and has suffered a material and substantial change in his financial circumstances. A decree of dissolution of the parties' marriage was entered on June 12, 1989 before Coppetto, J., and an articulation entered on August 15, 1989.
The original decree provided that the defendant shall pay to the plaintiff the sum of $6,000.00 per month. In addition, beginning January 1, 1991, in the event the defendant's annual income exceeds $335,000.00 per year, he shall pay 20 per cent of his annual salary in excess of $335,000.00 to the plaintiff as additional alimony. The decree provided further that in the event the defendant's net income shall fall below $250,000.00 per year, the defendant shall be entitled to seek a change in the financial orders.
For the year ending December 31, 1990, the defendant's income was as follows:
 $100,000.00 salary — Greenwich Capital 440,000.00 bonus — Greenwich Capital 275,000.00 — Solomon Brothers ----------- $815,000.00
The defendant is employed by Greenwich Capital Markets of Greenwich, Connecticut. Greenwich Capital Markets is wholly owned by Long Term Credit Bank of Japan. The defendant is a government bond dealer trading the capital of Long Term Credit Bank of Japan in the municipal bond market and is part of a three man arbitrage group. His salary is $100,000.00 per year and he makes a bonus of 20 per cent of the profits beyond expenses. For the year 1990, that amount was $440,000.00.
The defendant's annual income has not fallen below CT Page 4497 $250,000.00. His complaint is that the current orders are based upon his prospective income rather than the amount he actually receives from week to week as reflected in his financial affidavit — net of $9,407.00 monthly. To put it in different words, the defendant's complaint is a lack of cash flow to meet the court's orders because his bonus is paid at the end of the year.
The amount that the defendant receives from Solomon Brothers has been fully paid and will not be part of the defendant's income in the future. When this matter was tried before Judge Coppeto, she considered all of the foregoing.
It is to be noted that the defendant has $300,000.00 in treasury bonds which represents the balance of the distributions he received in 1990. This provides him with the means to make the distributions he is required to make by way of alimony and support. His current arrangement is exactly as it was when the matter was tried before Judge Coppeto.
This motion is filed pursuant to the provisions of46b-86 (a) of the General Statutes. In ruling upon a motion for modification, the trial court shall consider all of the factors of 46b-82 and 46b-84 of the General Statutes. For there to be a modification, the burden rests with the moving party, and the moving party must demonstrate that continued operation of the original order would be unfair or improper. McGuinness v. McGuinness, 185 Conn. 7, 10 (1981). The defendant has not sustained that burden. The court finds there has not been a substantial change of circumstances not contemplated by the parties at the time of the decree.
The motion for modification is denied.
The plaintiff has sought counsel fees in the defense of this proceeding, and plaintiff's attorney has filed an affidavit setting forth her services and the amounts for these services which totals $2,981.25 plus disbursements of $258.45. The court grants this motion and orders fees in the amount of $2,000.00 and costs in the amount of $258.45 which shall be paid by the defendant to the plaintiff as a contribution toward her counsel fees to be paid within thirty (30) days of this date.
EDGAR W. BASSICK, III, JUDGE