[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR MODIFICATION OF ALIMONY AND SUPPORT AND COUNSEL FEES
There are numerous motions for determination before the court. The defendant has filed a motion for modification of alimony which motion is dated May 18, 1990, a motion for modification of alimony and reinstatement of child support which motion is dated January 16, 1991, and a motion for attorney's fees to defend against the plaintiff's motion for custody. The plaintiff has filed a motion for modification of alimony and child support dated March 27, 1991, and the attorney for the minor child has moved for payment of her fees.
A decree of dissolution of the parties' marriage was entered on February 27, 1986. At that time the defendant represented herself pro se but did not appear at the time of the decree. At the time of the decree the court ordered the plaintiff to pay to the defendant $1,250.00 per month as alimony and $1,250.00 per month as child support for the period March 1, 1986 to June 30, 1986, and then commencing July 1, 1986, the sum of $1,000.00 per month as alimony and $1,000.00 per month as child support. The court ordered that there should be joint legal custody of the minor child and that the child shall reside principally with the defendant. CT Page 4825
A subsequent motion to reopen the judgment was denied on April 20, 1986 after hearing.
On March 5, 1987, the parties appeared in court and stipulated that the defendant's share of unreimbursed medical and dental expenses that are incurred for the minor child shall be deducted at the rate of $100.00, per month from the defendant's monthly alimony amount until paid. The plaintiff has offered evidence and the court finds that that outstanding arrearage at this time is $3,955.00 (see plaintiff's exhibit A). The defendant's one half share amounts to $1,977.50 which, in accordance with the parties' stipulation and the court order of March 5, 1987, shall continue to be deducted at the rate of $100.00 per month.
The parties were married on June 13, 1968. As previously noted, their marriage was dissolved on February 27, 1986. The only child, issue of the parties' marriage, is Mia, who is now 15 years of age. The issue of the custody of Mia was tried before Judge Hauser in January of this year, and, on January 31, Judge Hauser ordered that the previous order for joint custody of Mia was to remain in effect, that the child's principal place of residence shall be with the plaintiff-father, and, except in the event of emergencies, the plaintiff shall consult with the defendant on all significant health and educational decisions involving the child, and the child shall be presently placed in Mount Bachelor Academy or See Do.
Mia was recently discharged from Elmcrest on January 4, 1991. At that time Elmcrest had diagnosed an oppositional defiant disorder, dysthymia, and "borderline traits" (see plaintiff's exhibit D). She had previously exhibited suicidal as well as run away behavior.
Elmcrest's discharge recommendation was for residential placement with a heavy therapeutic component. It is for that kind of placement that Mia is presently enrolled at Mt. Bachelor in Bend, Oregon. The tuition charge for Mia at Mt. Bachelor is $3,300.00 per month. In addition, there are initial fees of $1,150.00 and a student account of $200.00 which must be I maintained monthly.
The plaintiff is a medical doctor having graduated from New York University with a Bachelor's degree and the University of Chicago with an M.D. degree. He did his surgical internship in New York and a residency in urology in Montreal. He is a practicing surgeon specializing in urology in the Bridgeport area. He lives in Westport with his wife and her two teenage children. The house is owned by her, and she contributed the entire down payment for the purchase of the CT Page 4826 same.
The defendant has a Bachelor of Arts degree from City College of New York. While the plaintiff was in medical school in Brussels, Belgium, she taught at the International School. While the plaintiff was studying at the medical school of the University of Chicago, she taught French. She has, since the dissolution of marriage, taken courses in graphic design at Fairfield University. At present she is working as an artist and teacher at the Silvermine Guild and as a model at the Health Center. In 1989 she was a part time model. In 1988 she worked as a substitute teacher. In 1989 she worked as a receptionist at Southport Racquet Club. She has not worked in a full time position since the decree of dissolution of their marriage. She is presently living in Co-op City in New York with her mother. In 1990 she earned $1,146.00 as a free lance model and artist. She has no assets other than a bank account of $150.00 and a 1981 Checker automobile as disclosed in her financial affidavit, although the testimony was that she has been driving around in a recent model automobile no older than two years. Her liabilities including $7,430.00 owed to her attorney amount to $15,946.00.
The plaintiff is finding it extremely difficult to afford the expenses of Mt. Bachelor, his own household expenses and the alimony to the defendant. The plaintiff's net-weekly income is $1,711.96. In 1986 it was $1,000.00 per week. In 1986 total assets amounted to $29,000.00 and liabilities were $118,900.00. Total assets in his current financial affidavit amount to $73,000.00 and liabilities of $118,673.00. In the five years since the decree of dissolution, his assets have increased by $44,000.00 represented entirely by the increase in equity of his medical condominium.
The plaintiff's spouse is employed. Her income may properly be taken into consideration as it is relevant to the plaintiff's current expenses. McGuinness v. McGuinness,185 Conn. 7, 12, (1981). The plaintiff testified that his spouse's income was $25,000.00 and that all of her income was contributed to their household expenses. She has a son 18 and a daughter 15, children of a prior marriage. The plaintiff's affidavit reflects 80 per cent of the household expenses being paid by him.
Defendant's counsel argues that such allocation should be 40 per cent rather than 80 per cent, apparently on the basis that there are five people. Mia and the plaintiff, therefore, represent 40 per cent. Whatever the allocation, it makes little difference, since there is still an insufficient amount left to pay for Mia's expenses at Mt. Bachelor. CT Page 4827
After Mt. Bachelor, the plaintiff envisions he will be faced with high private school expenses for Mia. He testified that without help from his mother, it would be impossible for him to meet Mia's expenses.
Clearly, the defendant should be contributing to these expenses. The defendant, however, chooses not to work in a full time job. Neither has there been sufficient evidence for the court to find that she has an earning capacity, although she has a college degree, extra courses in graphic design and has taught years ago.
The plaintiff in his claims for relief requests that the alimony be terminated three years from date, thereby permitting the plaintiff to borrow money in order to pay the substantial school payments for Mia. The plaintiff also has requested that the alimony terminate in three years in lieu of the defendant's paying child support.
The motions for modification are filed pursuant to the provisions of 46b-86 (a) of the General Statutes which set forth the requirements governing motions for modification. The court must find that there has been a substantial change of circumstances. Since this is a decree of 1986, the court must also find that the substantial change of circumstances was not contemplated by the parties at the time of the original decree. Darak v. Darak, 210 Conn. 462 (1989). In ruling upon a motion for modification the court is entitled to consider all of the factors of 46b-82 of the General Statutes. McCann v. McCann,191 Conn. 447, 452 (1983); Cersosimo v. Cersosimo, 188 Conn. 385,404 (1982); Hardisty v. Hardisty, 183 Conn. 253, 258
(1981). The burden of proof is upon the moving party to show that continued operation of the order would be unfair or improper. McGuinness v. McGuinness, 185 Conn. 7, 10 (1981).
The plaintiff is faced with an obligation of $3,300.00 per month for tuition for Mia. This, by itself, is a sufficient ground for the court to find an uncontemplated, substantial change of circumstances.
Under the provisions of 46b-84 (a), upon or subsequent to the dissolution of any marriage, the parents of a minor child of the marriage shall maintain the child according to their respective abilities, if the child is in need of maintenance. Thus, the defendant should be contributing to Mia's support. However, based upon the earnings reported in her financial affidavit ($50.00 per week), she has no financial ability to do so. CT Page 4828
Considering all of the provisions of 46b-86 (a) and the factors of 46b-82 and 46b-84, the court finds as follows:
In view of the increased expenses for Mia the court finds it would be unfair and inequitable to modify the alimony orders upward. In view of the defendant's financial requirements, the court finds that it would be unfair and inequitable to modify the alimony downward. In view of the defendant's financial situation, the court finds it would be unfair and inequitable for the defendant, at this time, to contribute to Mia's support. Therefore, on the motions for modification, the court rules as follows:
1. Defendant's motion for modification of alimony dated May 18, 1990 — denied.
2. Defendant's motion for modification of alimony and reinstatement of child support dated January 16, 1991 denied.
3. Plaintiff's motion for modification of alimony and child support dated March 27, 1991 — denied.
The remaining motions concern attorneys' fees. Counsel for the minor child seeks counsel fees of $6,620.00. The plaintiff has paid $500.00 towards counsel's services. The motion for counsel fees is docket entry number 159.00 and is dated April 8, 1991. Attached to the motion is counsel's affidavit together with an itemized statement reflecting a charge of $5,850.00. Counsel claims additional fees of $770.00 (without itemization) for her presence in court three times in connection with these proceedings.
The court finds $6,000.00 to be a fair and reasonable charge for counsel's services and orders $4,000.00 to be paid by the plaintiff and $2,000.00 to be paid by the defendant. The plaintiff has paid $500.00 and shall pay the remaining $3,500.00 of his share by a payment of $2,000.00 within thirty (30) days of the date hereof and the balance of $1,500.00 in monthly payments of $100.00 each. The share to be paid by the defendant shall be paid by a payment of $100.00 per month for a period of twenty (20) months. This shall be paid by the plaintiff from the defendant's alimony payment so that for such twenty (20) month period the plaintiff's payment to the defendant shall be $1,000.00 per month by way of alimony less $100.00 as her contribution to the unreimbursed medical expenses and $100.00 as her contribution to counsel for the minor child's counsel fees.
Finally, the court has for determination defendant's motion for attorney's fees to defend the motion for custody. CT Page 4829 The attorney for the defendant seeks fees for his services in the amount of $7,470.00. There are two statements attached to his affidavit, one dated April 25, 1991 and one dated April 8, 1991. In addition, defendant's counsel spent time in court on May 7 and May 15. Such a request is filed pursuant to the provisions of 46b-62 of the General Statutes which provides that the court may order either parent in a proceeding concerning the custody, care, education, visitation or support of a minor child to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in 46b-82 of the General Statutes.
The defendant has $150.00 in the Gateway Bank, a 1981 Checker automobile valued at $200.00 and no other assets. She has no means to pay her own attorney. By the provisions of the statute and under the court's continuing power to modify or reverse its prior orders regarding custody, visitation, support or alimony, the court may require that one party provide the other party with the means for a defense if such party is without such means. Krasnow v. Krasnow, 140 Conn. 254, 262
(1953); see Graham v. Graham, 25 Conn. App. 41, 50-51 (1991).
The court finds that $8,000.00 is a fair and reasonable charge for the defendant's attorney's fees. The court grants the defendant's motion for counsel fees and orders that the sum of $8,000.00 shall be paid to defendant's counsel by payment of $2,000.00 on or before September 1, 1991 and $2,000.00 on the first day of every other month thereafter until fully paid, i.e. November 1, 1991, January 1, 1992 and March 1, 1992.
Orders shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE