[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de DEFENDANT'S MOTION TO MODIFY
The defendant has moved to modify the present periodic alimony order of $200 per week entered on December 6, 1990. The parties' marriage was dissolved in 1984. After the dissolution, the defendant obtained a college degree and was employed full time as a teacher in the Watertown, Connecticut school system when the current order was entered. Her net income was then $358. The plaintiff, a family dentist in partnership with his brother, had a net weekly wage of $1,500 and after negative rental income he stated a net disposable income of $1,384 weekly on his financial affidavit.
Through no fault of hers, the defendant was laid off by the Watertown Board of Education on August 26, 1991. The defendant has been receiving unemployment benefits of $267 weekly with the 26 weeks almost exhausted. It was uncertain if the defendant will qualify for the 20 weeks benefit extension. Her other income has been minimal. Although the defendant is also a certified dental assistant, the evidence did not convince the court that any positions in this field were available. The plaintiff's suggestion that a position is available in his office is not feasible in the eye of this court.
The plaintiff's current affidavit lists a weekly net wage of $1,000 and a negative real estate income of $207, a net disposable weekly income of $798. The plaintiff has remarried. His current spouse has an income of $34,000 (Plaintiff's Exhibit B). Her income may be considered in evaluating plaintiff's current living expenses, McGuinness v. McGuinness, 185 Conn. 7.
The court finds that the defendant's loss of employment was an unanticipated, substantial change in her financial condition. The court grants the defendant's motion and modifies the current order to $300 weekly effective October 7, 1991. This order is based on defendant's receipt of unemployment benefits of $267 weekly. If the defendant fails to qualify for the 20 week benefit extension, or if she fails to obtain employment upon the exhaustion of benefits, she may return to this court for a review of this order. CT Page 140
Since the retroactive nature of this order creates an arrears, that shall be paid at the rate of $100 weekly commencing on Friday, February 7, 1992.