[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant matter was brought into Court by the plaintiff's, Diane Kemp's hereinafter referred to as "the Plaintiff," motion for modification and petition for contempt. It was first heard on September 19, 1991 wherein the parties signed and filed a written stipulated agreement. See: Agreement dated September 19, 1991 as on file. It is apparent from the Court file that the Family Support Magistrate accepted a portion of the parties agreement and modified part thereof. The current support order remained at $50.00 per week per child for two children but the defendant, Paul La Ferriere, Sr. hereinafter referred to as "the Defendant," was temporarily only required to pay $50.00 per week with the balance of $50.00 to accrue to the arrearage. There was no finding as to an arrearage but the Defendant was ordered to pay $10.00 per week to be applied to said arrearage. See: Court File, order dated September 19, 1991 (Lifshitz, FSM). The case was continued from time to time until a final hearing on the Plaintiff's Motion for Modification and Contempt Citation was commenced on March 5, 1992. Said hearing consumed the afternoon sessions of the Family Support Magistrate's Court of March 5, 12 and 19, 1992.
The Plaintiff pressed her claim for a finding of contempt CT Page 3451 against the said Defendant; she was also seeking an upward modification of the child support order on the basis that the Defendant was and is working "under the table" for said Defendant's brother one Peter La Ferriere. The Defendant argued for a permanent reduction in the child support order and because he had not filed his own motion for modification, he "piggybacked" his claim onto the Plaintiff's motion. See: By Analogy McGuinness v. McGuinness, 185 Conn. 7 (1981).
The instant matter is obviously a civil matter and therefore in relation to the motion for modification the Plaintiff must prove her case by ". . . a fair perponderance of the evidence." Palumba v. Gray, 208 Conn. 21, 25 (1988). Once having established a prima facie case, it is up to the Defendant to rebut said Plaintiff's evidence. Supra at 26. In relation to the Plaintiff's citation for contempt against the Defendant the Plaintiff must show that the:
 . . . respondent . . . (knows) . . . what the orders are; he must be able to pay the order . . .; and he must have willfully disregarded and failed to comply with the orders of the court. (Emphasis Added). Mays v. Mays, 193 Conn. 261, 264 (1984); Tobey v. Tobey, 165 Conn. 742 (1974); Fretina v. Fretina, 5 FSMD 139, 141 (1991); and Cobian v. Cobian, 4 FSMD 68, 69 (1990).
In reference to her claim that the Defendant was working for his brother, the Plaintiff produced several witnesses the principal ones being from the Trans Global Group Ltd., a private investigative service. The undersigned Magistrate reviewed the testimony of these witnesses and the Plaintiff's exhibits pertaining to these specific witnesses. See: Plaintiff's Exhibits ## F and G as on file. The evidence does not support the Plaintiff's claims. The description of what occurred during the less than a handful of times that the investigators trailed the Defendant to the purported "job sites" left more questions unanswered than were answered. Who owned these purported "job sites?" How long did the Defendant remain at the purported "job sites?" Coupled with the fact that that neither of the investigators actually saw the Defendant working at these purported "job sites," the Plaintiff's claim must fail. Considering the fact that the parties to the action and the Plaintiff's husband testified to the high degree of animosity which exists between the Plaintiff and the Defendant, the Defendant's alleged statement against interest is regarded as an attempt by the Defendant to antagonize the Plaintiff.
In relation to the contempt citation, the Plaintiff admitted under cross-examination that she had never submitted CT Page 3452 to nor given notice to the Defendant of the vast majority of the medical arrearage claimed. Save for the total of $224.68 shown on the Plaintiff's exhibit, the Defendant had no notice prior to March 5, 1992 of the existence of the $2500.00 claimed by the Plaintiff. See: Plaintiff's Exhibit # E as on file. This admission by the Plaintiff was not satisfactorily explained by the Plaintiff on re-direct examination. "A contempt citation is a serious proceeding which can lead to severe penalties." See: Hicks v. Feiock, 485 U.S. 624, 99 L.Ed.2d 721,108 S.Ct. 1423 (1988); Rose v. Rose, 481 U.S. 619,95 L.Ed.2d 599, 107 S.Ct. 2029 (1987); Mays, supra; Tobey, supra; Perry v. Perry, 5 FSMD 190, 191 (1991); and Cobian at 72. However, the Plaintiff's own testimony demonstrates that save for the amount of medical arrearage shown on Plaintiff's exhibit # E, i.e. $224.58, the Defendant is not in contempt for the majority of the medical arrearage. See: Cobian at 70.
It is axiomatic in Connecticut that: "The trier is the judge of the credibility of all the witnesses and the weight to be given their testimony." Griffin v. Nationwide Moving and Storage Co., 187 Conn. 405, 422 (1982); Riccio v. Abate,176 Conn. 415, 418 (1979); Berluti v. Berluti, 5 FSMD 377, 382 (1991); Mitchell v. Evans, 5 FSMD 312 (1991); Fretina v. Fretina, 5 FSMD 139, 140 (1991); Whelan v. Whelan, 4 FSMD 88, 89 (1990); and Moore v. Moore, 4 FSMD 49, 53 (1990). Further, ". . . the trier of fact has the right to accept part and disregard part of the testimony of a witness." Rood v. Russo, 161 Conn. 1, 3 (1971); Berluti, Supra; Mitchell, Supra; Fretina, Supra; Whelan, Supra; and Moore, Supra. See also: Barrilla v. Blake, 190 Conn. 631, 638 (1383). The undersigned Magistrate found the Defendant to be the more credible in this matter.
The Defendant must prevail on the motion for modification. Not only has the Defendant experienced a substantial change in his circumstances but the current child support order from which he seeks relief substantially deviates from the child support guidelines. See: C.G.S. 46b- 215; Turner v. Turner,219 Conn. 703 (1991); and McGuinness v. McGuinness,185 Conn. 7 (1981).
The Defendant's motion for attorney's fees is denied. In order to be entitled to attorney's fees the movant must either show that the opponent's underlying motions or citations ". . . constituted or . . . (were). . . tantamount to bad faith . . . ." or that the party seeking the award of attorney's fees must prevail on said motions or citations. See: C.G.S. 46b- 87; P.B. 111; Fattibene v. Kealey, 18 Conn. App. 344, 360 (1989); and Smey v. Smey, a FSMD 106, 110 (1990). CT Page 3453
The order for child support is reduced to $65.00 per week for the child Paul La Ferriere, Jr.; the Defendant is ordered to pay $10.00 per week on the arrearage owed to the Plaintiff; the arrearage is found to be $5,464.58, which includes all of the medical arrearage, due to the Plaintiff as of March 19, 1992. However, the arrearage is subject to audit and adjustment as the motion for modification is granted retroactively to September 19, 1991, the date when relief was initially sought. An immediate automatic wage withholding is ordered issued on the Unemployment Compensation Benefits. The Defendant has been found to be in contempt on the medical arrearage of $224.58 but that arrearage has been dealt with above. As a result of the above findings both parties will pay their own attorney's fees.
Ronald M. Sullivan Family Support Magistrate