[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: THE PLAINTIFF'S MOTION TO MODIFY (#127)
The court finds that the order sought to be modified was entered April 4, 1994 when the court expanded the plaintiff's financial responsibilities for the education of the children, ordering the plaintiff to assume 80% and ordering the defendant to assume 20% of the expenses. The plaintiff was then paying $7,083.00 monthly unallocated alimony and child support consisting of $6,250.00 monthly plus 18% of his net income exceeding $150,000.00 to $250,000.00, and a percentage of certain other expenses incurred for the children.
The court finds that the plaintiff's employment was then with a brokerage house generating $19,958.40 net income monthly as shown on his financial affidavit dated April 4, 1994 on file as (#121). His employment was terminated involuntarily in August, 1995. He began new employment on October 23, 1995 with a securities subsidiary of Hong Kong bank at a salary of $150,000.00 plus a sliding scale of earned commissions, (Defendant's Exhibit A). His current net income from all sources is $10,475.50 as shown on his financial affidavit dated January 16, 1996.
The plaintiff's present wife operates her own travel agency, and the defendant cites McGuinness v. McGuinness, 185 Conn. 7 to urge the court to find no change in circumstances. The court cannot determine from the evidentiary record whether the plaintiff had remarried prior to April 4, 1994.
The plaintiff's decrease in net monthly income is found to be substantial and justifies a modification.
The unallocated alimony and child support of $6,250.00 monthly is modified to $4,000.00 monthly, effective January 1, 1996. All other aspects of the parties' allocation of expenses remains in effect as part of the order.
HARRIGAN, J.