[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 6520
The plaintiff has moved to modify the award of alimony and child support ordered in the judgment of dissolution dated February 9, 1996. The plaintiff was ordered to pay child support in the total amount of $543 per week for two minor children issue of the marriage, and $500 per week for alimony.
The Court found the plaintiff's gross earning capacity was $201,400 per year and the defendant's gross earning capacity was $40,000 per year.
The motion to modify was filed on May 16, 1997. The plaintiff claims his gross income for 1996 was actually $175,552, despite working more billable hours than the court determined to be reasonable. The defendant's income is essentially unchanged from the $40,000 earning capacity attributed to her.
The plaintiff is a self-employed psychologist with a specialty in autism and pediatric psychology. He is recognized nationally as an expert in his field and has published profitably on the subject. His practice has been changing somewhat in that he is spending substantially more time in his private practice, whereas in the past he split his time between his private practice and duties at the Newington Children's Hospital.
From the testimony elicited at this hearing both on direct and cross examination of the plaintiff, the Court does not believe the gross income claimed of $175,552 is totally accurate. His records indicate he probably had a savings account in which some monies were not disclosed, and the source of funds for said account was not satisfactorily explained. He also maintains a joint checking account with his current wife and questions as to the source of some deposits to that account were not satisfactorily explained. In addition, his bank records for a two week period (February 14 through March 1, 1996) were missing, and any deposits made during that time were not included in his 1996 income.
While none of these lapses is of monumental significance, his gross earnings were likely several thousands of dollars more than reported.
In addition, in deducting business expenses to arrive at his claimed net earnings, the plaintiff deducted some clearly CT Page 6521 inappropriate items, such as lump sum alimony ($5000); business equipment deducted in a previous year ($5358); life insurance premiums ($380), payment of court reporter's transcript ($106); accounting fees for divorce proceedings (some percentage of $3000).
The plaintiff claims any inadvertent errors were more than made up for by his failing to deduct 31 cents per mile for business use of his automobile. In fact, however, he has deducted transportation costs and auto insurance as expenses in his financial affidavit.
The Court concludes the plaintiff has failed to prove a substantial change of circumstances. McGinness v. McGinness,185 Conn. 7, 10 (1981).
While one cannot be exactly precise given the less than perfect record keeping of this self-employed plaintiff, even using the plaintiff's own figures, which, as has been indicated, are not fully credited as accurate, the deviation is between 10% and 14%. Given the fluctuations naturally occurring in a self employment business or profession, that is not deemed to be a substantial change. Nor would it be expected to be considered such if his income had increased by that same percentage. While it is not conclusive our own statutes provide that a deviation of less than 15% from support guidelines is not considered a substantial deviation (Connecticut General Statutes §46b-86).
Accordingly, the motion to modify child support and alimony is denied.
The defendant has filed two motions for counsel fees. One dated October 1, 1996 requests an allowance of $20,000 to defend the appeal taken by the plaintiff from the judgment of dissolution. The second, dated May 2, 1997 requests counsel fees of $29,324.36 to defend the motion to modify. The latter motion is addressed first.
In determining the issue of counsel fees, the court must consider the resources of the parties in light of the provisions of § 46b-62, as well as considering whether the failure to do so would substantially undermine the other financial awards.Turgeon v. Turgeon, 190 Conn. 269 (1983); Draper v. Draper,40 Conn. App. 570, 576 (1996); Koizim v. Koizim, 181 Conn. 492, 501
CT Page 6522 (1980).
(The trial court had ordered the plaintiff to pay $25,000 toward the wife's attorney's fees — that trial took 14 days to complete).
The defendant does not have liquid assets with which to pay large legal fees. She does not have the professional standing of the plaintiff — who has a rare expertise in his field. His earning capacity is and will be, substantially greater. Recognizing that along with the other criteria of §§ 46b-82, and 46b-81, the Trial Court entered the financial orders it did. For the defendant to cut into those awards to pay the substantial attorney's fees required to successfully defend this motion to modify would undermine the Court's intention in entering its orders.
On the other hand, counsel fees awarded should be reasonable. With knowledge of the range of fees for practitioners in the area of family law, this Court determines that an allowance of $5000 to defend this motion is reasonable, but the Court points out that it does not conclude the bill submitted by defendant's counsel is unreasonable, but, rather, determines in its judgment, that $5000 is a reasonable and appropriate allowance for attorney's fees under all the circumstances including the nature of the hearing, the length of time it took, and the financial circumstances of the parties.
Therefore, the plaintiff shall pay $5000 toward the defendant's counsel fees at the rate of $500 per month commencing July 1, 1997.
With respect to the motion for attorney's fees to defend the appeal, for the same reasons discussed above the defendant is awarded $5000 as a preliminary and possible partial allowance to defend the appeal. It is specifically ordered that this award is intended to be a preliminary allowance pending the conclusion of the appeal. The Court reserves jurisdiction to determine, once the appeal has been concluded, any additional attorney's fees which may be reasonable and appropriately necessary to maintain the integrity of the trial court' s awards.
The $5000 awarded herein is to be paid within 60 days of this decision.
Klaczak, J. CT Page 6523