[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de THE DEFENDANT'S REVISED MOTION TO MODIFY (#113)
The parties' marriage was dissolved by decree entered October 2, 1991 (Coppeto, J.) where the court found the parties' agreement to be fair and equitable and incorporated it by reference, except for the alimony provision. Alimony was ordered paid to the wife by the defendant husband at the rate of $275 weekly. Child support was ordered paid to the plaintiff by the defendant at the rate of $325 weekly.
The current motion is the first post judgment effort to modify the stated orders.
The plaintiff's financial affidavit filed on October 2, 1991 lists net disposable income derived from the occupation of dental hygienist of $240 weekly.
The defendant's financial affidavit, filed on the same day, lists net disposable weekly income of $800, derived from his occupation stated as driver, Airborne Express.
The defendant left that employment after sustaining a 15% permanent partial back disability assessed by our workers' compensation statute thereby receiving 63 weeks paid out from September, 1994 through November, 1995. He also settled a wrongful termination suit last December, all of which appears to have been spent.
He currently is the on premises superintendent, a position CT Page 9342 obtained on March 17, 1997, for a senior citizens complex containing 101 apartments. He is required to live on the premises by his employer. Since the IRS does not treat such occupation of the apartment as income this court will not assess the value of this housing as income. He occupies the apartment with his present wife who is employed at an annual salary of about $26,000. The defendant acknowledges that she contributes to maintaining the present household. This factor may be considered as to alimony.McGuinness v. McGuinness 185 Conn. 7. The court declines to extend it to child support. His current salary is $495 gross weekly and net after taxes $386. The court adds nothing for housing.
The plaintiff now earns $491 weekly net disposable income from her employment as a dental hygienist.
There are two children from the parties' marriage, Darryl, born July 26, 1988, and Dylan, born January 11, 1990. The judgment awarded sole custody of both children to the plaintiff. The younger child is autistic, and this condition requires the plaintiff to employ day care help averaging $80 weekly. The defendant's proposed child support guidelines makes no deduction for this.
The defendant has claimed an accord and satisfaction, claiming he and the plaintiff reached an understanding which allowed him to reduce and then to eliminate periodic alimony payments. The evidence does not support this assertion. As of the date of the hearing the court finds an alimony arrearage of $26,950 through June 10, 1997.
The plaintiff's net disposable income has more than doubled. The defendant sustained a back injury. These facts are sufficient to find that a substantial change of circumstances has occurred warranting a review of the current orders.
At the time of the hearing on this motion, there was a child support arrearage of $3,975. The figure is found to be accurate.
The court allows the plaintiff the day care expense of $80 to be deducted so that her current net income is $411. The combined net income is found to be $797, rounded to $800. The basic obligation is $287 from the schedule. The defendant's share is 48% or $138 weekly, and $5 weekly payable on the arrearage.
The alimony is reduced to $1 per year. He shall pay $50 CT Page 9343 weekly on the arrears.
The new orders are effective as of June 11, 1997. The defendant's request for additional retroactivity is denied.
An immediate wage withholding order is entered.
HARRIGAN, J.