[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR MODIFICATION OF CHILD SUPPORT
The defendant-husband in the above captioned matter has moved this court for modification of his current child support obligation for the reason that he has been terminated from his employment. The current order requires him to pay $150.00 per week for the support of his minor child.
At the time the order was entered, the defendant was a senior logistics planner with Coca Cola Bottling Co. of New York. His average net weekly income was approximately $835.00 per week. He testified that in October 1997, he entered into a separation agreement with Coca Cola (Ptff. Ex. 2) wherein it was provided that he was to be terminated from that employment on October 31, 1997 and that he would receive severance pay in the gross amount of $6,283.00 per month until May 1, 1998. At the time this motion was argued, the defendant filed a financial affidavit disclosing his average net weekly income from severance pay in the amount of $859.00 per week. That figure did not include an additional $87.00 per week deducted for "retirement."
The defendant testified that despite diligent efforts, he had CT Page 9117 not been able to find comparable employment at comparable pay. He conceded that his old job — plotting the transportation routes for Coke deliveries in the New York/New Jersey metropolitan area was very unique employment and he was not optimistic at finding a similar position. Apparently he was correct.
The efforts he did make, according to his testimony were very restricted and not realistic. He has the academic and business acumen to find work in related if not identical fields and, in the opinion of the court, has not exploited his experience and ability sufficiently.
In the meanwhile, the defendant and his new wife took out a construction mortgage on August 22, 1997 from Webster Bank in the approximate amount of $148,000.00 to build a fashionable home on a 7.6 acre lot in an affluent area in the Town of Woodbury (Pltff. Ex. 10). They received an initial payment of $31,500.00 on that day. They had previously purchased the lot for the house on August 11, 1997 for the price of $45,000.00 (Pltff. Ex. 8). Their monthly payments on mortgage are approximately $1124.00 for the next 30 years. The Freddie Mac assets and liabilities page on their application indicated a combined $147,773.00 in personal assets, not including real estate.
The defendant has argued that the bulk of that money and of those assets belongs to his new wife and should not be considered assets or income of his for the purposes of determining his ability to pay child support.
In the matter of McGuinness vs. McGuinness, 185 Conn. 7,12-13 (1981) it was determined that the court was correct in considering the income of the obligor's subsequent wife because it was relevant to the obligor's current expenses — a material factor in determining his current net income and therefore his ability to pay his court ordered obligation.
The court in Unkelbach vs. McNary, 244 Conn. 350 held that consideration of the new wife's financial contributions was in accordance with existing law which recognizes that gifts received on a consistent basis regardless of their source are includable in the income of the obligor in the context of dissolution proceedings where financial orders are being considered.
The fact that the movant and his new wife have jointly obligated themselves to pay Webster Bank $1120.00 per month for CT Page 9118 the next 30 years to pay for a new home in a fashionable neighborhood makes this court less sympathetic to the defendant than it might otherwise be if the facts were that he had made reasonable efforts to find even moderately comparable income to his prior job and, further, was doing all he could just to make ends meet and to maintain the status quo.
The court is in no way critical of the defendant for striving for the nice things in life, but it cannot and will not be at the expense of his child of this marriage.
The motion to modify child support is denied.
By the Court,
Joseph W. Doherty, Judge