[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION OF CHILD SUPPORT (DOCKET ENTRY NO. 117)
The plaintiff has filed a motion for modification of child support. A decree of dissolution of the parties' marriage was entered on December 16, 1988 before the Honorable Socrates Mihalakos. At that time, the parties entered into a stipulation providing for child support for their son, James, in the amount of $250 per month. James was then four years of age. He is now sixteen years of age. At the time of the judgment, the plaintiff was unemployed. Subsequently she obtained a nursing decree and was employed as a registered nurse. She continued in this employment until March of this year when she was no longer able to work, diagnosed with toxic shock syndrome reaction to rheumatoid arthritis.
The defendant is employed as a school teacher with the Stratford school system, an English teacher in Stratford High School. In the summer time he works at the Patterson County Club in Fairfield as the head swimming coach and pool director. He, like the plaintiff, has remarried since the judgment of dissolution and has two children of that marriage — George, age 4, and John, age 2.
The parties have stipulated that there has been a substantial change of circumstances such that the plaintiff's motion should be granted. The parties, however, are unable to agree to the amount of current support.
In view of the additional dependants for whom the defendant is responsible for support, child support must be calculated in accordance with § 46b-215a-2a(e) by computing the "Inputed support obligation" of the defendant. (See § 46b-215a-1(14) of the Child Support and Arrearage Guidelines Regulations.) Counsel for the plaintiff has properly computed the "Inputed support obligation" which is $115.20 a week per child. The presumptive amount, then, for child support in this case is $152 per week rounded to $150 per week.
The defendant seeks a deviation from the child support guidelines under the provisions of § 46b-215a-3(b)(4)(A) which provides as follows:
"(4) Needs of a parent's other dependents
 In some cases, a parent may be legally responsible for the support of individuals other than the child whose support is being determined. In such cases, it may be appropriate to deviate from presumptive support CT Page 11781 amounts based on the following factors:
 (A) resources available to a qualified child for whom a deduction was taken under subsection (c) of section 46b-215a-2a of the Regulations of Connecticut State Agencies; . . . ."
However, there has been no evidence of "resources" available to George and John, defendant's children of his subsequent marriage. Indeed, there has been evidence of expenses rather than resources", these being day care expenses necessary for these two children of $258 per week and expenses for son James when he visits with his father on weekends. A "resource" that might be considered as such for George and John is their mother's part time gross income of $538 per week ($28,000) per year. She is employed at Oxford Health Plan. This income of the wife may properly be considered in arriving at the defendant's expenses. McGuinness v.McGuinness, 185 Conn. 7 (1981).
Having considered the equities recited by both counsel, the court concludes that the presumptive amount as calculated by the child support guidelines is the proper amount of child support in this case. The court, therefore, grants the motion for modification of child support and orders $150 per week child support to be paid by the defendant to the plaintiff effective August 31, 2000, the date of service of the citation. There is an arrearage, therefore, of $450 less $250 presumably paid for the month of September making an arrearage of $200. This shall be paid at the rate of $25.00 per week until fully paid.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE