[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: [DEFENDANT'S] MOTION TO MODIFY ALIMONY #176
The marriage of the parties was dissolved on June 16, 1992. The judgment of dissolution incorporated the stipulation of the parties. The stipulation provided that the defendant pay the plaintiff alimony in the amount of $150 per week ". . . until [she] or the defendant dies, until [she] remarries, or until [she] cohabits under the statute . . ." The alimony order was modified on August 25, 2000 to $300 per week, Jones,J. The court has taken judicial notice of Judge Jones' memorandum of decision dated August 28, 2000.
This court must determine if there has been a substantial change in circumstances of either party since the date the order of alimony was last modified, August 25, 2000. Borkowski v. Borkowski, 228 Conn. 729
CT Page 9165 (1994).
The plaintiff is 56 years old and she is employed as a nurse by the State of Connecticut. Her gross weekly income is $1460 and her net weekly income is $765. She has been diagnosed with multiple sclerosis. She has worked per diem jobs at other hospitals. Due to her health, and the limited amount of income generated, the court declines to include this per diem income in its consideration. The defendant's total weekly expenses, including payment on liabilities, is $938.10. She has assets of $65,483 and liabilities of $12,800.
At the time of the last modification, Judge Jones found the plaintiffs net income, from her primary employment was $709.63 per week. Judge Jones also found her weekly expenses were $1036 per week, her liabilities $218,919 and her assets $60,675.
The defendant is 57 years old; he is employed as a sales representative for the Argen Corporation. His financial affidavit indicates gross income of $400 per week and net income of $300 per week. The affidavit shows expenses of $1213 per week, assets of $58,000 and liabilities of $1400. At the time of the modification, the defendant was employed by a corporation he controlled and that corporation marketed products produced by the Argen Corporation. In February of 2002 the defendant conducted an asset sale of the corporation he controlled, however, there were no net proceeds of sale. The defendant then went to work for Argen as a sales representative.
The court concludes that the defendant is underemployed. From his testimony, the court finds the defendant has an earning capacity of $50,000 per year as a salesman. The court has utilized FinPlan to determine the projected net income on $50,000 per year; the report is attached. The net income indicated is $661 per week.
Since the last modification the defendant has remarried. His wife has an income of approximately $50,000 per year from her principal employment and she has income of approximately $15,000 per year from a home business she operates. The defendant testified that his wife pays for all of his household and food expenses, except for his house loan of $475 a week.
Judge Jones did not make a specific finding as to the defendant's income. He did find, however, that it was "substantially greater than the $1000 weekly gross figure stated on his financial affidavit." Judge Jones found the defendant's expenses were $931 per week, his liabilities were $751,300 and his assets were $211,000. The defendant has substantially reduced his liabilities by reaching a compromise with some of his creditors. CT Page 9166
Comparing the income, assets, and liabilities of the parties at the time of the last modification, to those at present, the court concludes there has been a substantial change in circumstances.
In formulating its orders, the court has carefully considered the provisions of General Statutes § 46b-82 regarding alimony. The court finds the defendant receives substantial assistance in the payment of his expenses from his present wife. This assistance enhances the defendant's ability to pay alimony. McGuinness v. McGuinness, 185 Conn. 7 (1981). Since the last modification, the plaintiffs income from her principal employment has increased by $56 per week and here expenses have decreased by $98 per week. Having considered the statutory criteria and the evidence the court concludes that the current order of alimony should be modified from $300 a week to $200 per week. The parties have agreed that this modification is retroactive to April 11, 2002.
 ___________________ Domnarski, J
After-Tax Cash Support
 Annual Amounts 2002
 Last Name Zurolo Gene MaryAnn Total
 1 Salary 0 0 2 Self-Employment Income 50,000 0 3 Social Security Inc 0 0 4 Interest and Dividends 0 0 5 Tax Exempt Interest 0 0 6 Other Taxable Inc 0 0 7 Other Nontaxable Cash 0 0 8 Cash Perks 0 0 -------- -------- 9 Total Gross Cash 50,000 0 50,000
 Allowed Deductions
10 Fed Inc Tax (Excl Tax on Alimony 6,813 0 11 State Inc Tax (Excl Tax on Alimon 1,747 0 12 Local Income Tax 0 0 13 Social Security Tax 5,726 0 14 Medicare Tax 1,339 0 15 Mandatory Pension 0 0 16 Health Ins not Child 0 0 CT Page 9167 17 Union Dues Other Deduction 0 0 18 Prior Support Paid 0 0 -------- ------- 19 Total Deductions 15,625 0 15,625 -------- ------- 20 Net Cash for Support 34,375 0 34,375
 21 Child Support 0 0 22 Alimony 0 0 23 Non-taxable Maintenance 0 0 -------- ------- 24 Cash After Support 34,375 0 34,375 25 Other Cash Item (Addition) 0 0 26 Voluntary Pension 0 0
 Tax Impact of Alimony
27 F. 0 0 0 28 State 0 0 0 ------------------------------------------------------------------------- |29 Cash to Meet Living Expenses 34,375 0 34,375 | |30 Monthly Cash 2,865 0 2,865 | |31 Required Cash — Budget 0 0 0 | |32 Cash Over (Under) Budget 2,865 0 2,865 | |33 % Share Cash 100% 0% 100% | -------------------------------------------------------------------------- 34 Filing Status Single Single 35 Children 17 Over 0 0 36 Children Under 17 0 0 37 Value Child Dep Exemption 0 0 38 Value Under 17 Child Cr 0 0 39 Value of Both 0 0 40 Marginal Federal + St. Tax % 31.5% 10.0% 41 Children Residing With 0 0 42 Guideline Child Support 0 0
Tax Impact of Alimony has NOT been included in computing guideline child supp
July 22, 2002 03:54 PM
(c) Copyright 1990, 2002 by FinPlan Co. All rights reserved. CT Page 9168