[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION
A hearing was held in this matter on December 2, 2002. On said date the parties hereto presented evidence concerning the plaintiffs Motion for Modification of Child Support. The plaintiff asserts that there has been a substantial change in circumstances in that the defendant has received several pay raises and promotions since the entry of the Court's judgement concerning child support
An examination of the court file and evidence introduced during the hearing indicates the marriage of the parties was dissolved by judgment entered on May 24, 1996. The judgment incorporated a Separation Agreement dated May 24, 1996. Said Separation Agreement provides in pertinent part that:
 Child Support. The Husband shall pay the Wife the Sum of One Hundred Ten ($110) per week as child support which conforms to the mandates of the Connecticut Child Support Guidelines. Support shall be payable according to the provisions of Connecticut General Statutes § 46b-84 (c) as to term of payment. Payment shall be by immediate wage withholding order. The parties represent that Husband may be entitled to a deviation from the guidelines not reflected here, by virtue of his custody of a child from a previous marriage. This issue has been addressed by Wife's assumption of unreimbursed expenses as noted further under this agreement.[1]
A financial affidavit that was submitted by the plaintiff on May 24, 1996 provides that the plaintiffs net weekly income was four hundred seventy seven dollars ($477.00). This consisted of net weekly wages of three hundred sixty seven dollars ($367.00) and child support of one hundred and ten dollars ($110.00). The plaintiffs total weekly expenses CT Page 16390 were four hundred seventy four dollars ($474.00).
A financial affidavit that was submitted by the defendant on May 24, 1996, provides that the defendant's net weekly income was four hundred thirty seven dollars and fifty cents ($437.50) and his total weekly expenses were six hundred ninety dollars and forty three cents ($690.43).
Section 46b-86 of the Connecticut General Statutes concerns modifications of alimony or support orders. Subsection 46b-86 (a) provides in pertinent part that:
 (a) Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. There shall be a rebuttable presumption that any deviation of less than fifteen per cent from the child support guidelines is not substantial and any deviation of fifteen per cent or more from the guidelines is substantial.
The statutory prerequisites for the modification of a child support order are clear. In order to obtain a modification of such an order, the movant has the burden of proving that there has been a "substantial change in the circumstances of either party . . ." This is the burden of proof the that plaintiff in the instant action must meet in order to obtain the relief that he seeks.
The plaintiff asserts that the defendant has received several promotions and wage increases and that this is a significant change in circumstances since the Court entered judgment in this matter.
It is well-settled law in the State of Connecticut that the party seeking a modification of a support order has the burden of proving that there has been a substantial change in circumstances. Connolly v.Connolly, 191 Conn. 468, 473 (1983). Furthermore, the moving party must CT Page 16391 demonstrate "that continued operation of the original order would be unfair of improper." McGuinness v. McGuinness, 185 Conn. 7, 10 (1981).
Taking into consideration the financial affidavits submitted by the parties and all of the evidence produced at the hearing concerning the parties' current earning capacity, the Court finds that the moving party has met her burden of proving that there has been a substantial change in the circumstances of the parties.
The Worksheet for the Connecticut Child Support and Arrearage Guidelines, dated December 2, 2002, provides that the plaintiffs net weekly income is five hundred eighty dollars ($580.00). It further provides that the defendant's net weekly income in six hundred seventy four dollars ($674.00). Based on the net weekly income of the parties the basic child support obligation is two hundred thirty six dollars ($236.00).[2]
Of the aforementioned basic child support obligation, the guidelines indicate that the plaintiffs share of the support obligation is forty seven one hundredths (.47) while the defendants share is fifty three one hundredths (.53). Taking into account an adjustment for health insurance premiums, plaintiffs share of the total support obligation is one hundred and one dollars ($101.00) and the defendant's share is one hundred and thirty five dollars ($135.00).
In addition to the child support modification, the plaintiff is seeking to have the defendant pay a proportionate share the weekly childcare costs.
The plaintiff presented credible and convincing evidence that she currently incurs an expense of approximately seventy ($70.00) per week for qualifying childcare care expenses.[3] In addition to the increase in his proportionate share of the basic child support obligation, this Court orders that the defendant's support obligation also be modified to also include his proportionate share of the unreimbursed child care expenses. The Court calculates this to be forty three percent (43%) of the qualifying costs.[4]
In conclusion the Court orders that the defendant's basic child support obligation be modified and increased from one hundred ten dollars ($110.00) per week, to one hundred thirty five dollars ($135.00) per week, and that the defendant furthermore pay forty three percent (43%) of the seventy dollar ($70.00) qualifying child care expenditures that were cited by the plaintiff in her affidavit and during the hearing of this matter.[5]
CT Page 16392
The Motion for Modification is granted the defendant's total current child support obligation shall now be one hundred and sixty five dollars ($165.00) per week.[6] So ordered.
 ___________________ Richard Allan Robinson, J December 18, 2002